THE STATE OF MISSOURI, Respondent, v. PATRICK & BOYD, Appellants.

Kansas City Court of Appeals, March 23, 1896.

Dram Shops: LOCAL OPTION: REPEAL: INDICTMENT. A violation of the local option law and an indictment therefor was found while the law was in force in the city of Fayette. Before the trial the law was again submitted to a vote of the people and rejected. *Held*, under the provisions of section 3972, Revised Statutes, 1889, the right to prosecute ceased and a conviction can not be upheld since the rejection by the voters did not operate as a repeal. ELLISON, J., *dissenting in a separate opinion*.

*Appeal from the Howard Circuit Court.*—HON. JNO. A. HOCKADAY, Judge.

REVERSED AND DEFENDANTS DISCHARGED.

*E. R. Spotts* and *Draffen & Williams* for appellant.

(1) The local option law was not in force in the city of Fayette, or in Howard county, at the time of

the trial and judgment. The general rule is, that where a penal law is broken, the offender can not be punished under it, if it expires, or is repealed, before conviction, although the prosecution was begun while the act was in force. Endlich on Interpretation of Statutes, sec. 478; *The Irresistible*, 7 Wheat. 551; *United States v. Schooner Reform*, 3 Wallace, 617; Black on Intoxicating Liquors, sec. 106. (2) The local option law was not repealed by the vote which rendered it inoperative in the city of Fayette. The legislature, under our constitution, can alone enact or repeal statutes. The vote of the people of the locality interested was only upon the question as to whether the provisions of said local option law should be put in force within their city or county, in regard to the sale of intoxicating liquors. The law' has not been repealed. *State ex rel. v. Pond*, 93 Mo. 606; *Ex parte Swann*, 96 Mo. 44. (3) The statutory provision, or saving clause, contained in section 6597, only applies where a statutory provision has been repealed. *State v. Boogher*, 71 Mo. 633; *City of Kansas v. Clark*, 68 Mo. 588. (4) It does not apply where an act is a temporary one, and expires by its own limitation. After the expiration of the law, penalties that accrued under it, in the absence of a saving clause, can not be enforced. It is not necessary that the law should be repealed. *The Irresistible*, 7 Wheat. 551; *Commonwealth v. Marshall*, 11 Pickering, 350; Endlich on the Interpretation of Statutes, sec. 479. (5) The statute, section 6597, only saves the right to proceed for a penalty or fine where the law has been repealed. It says nothing about any other case. It has been held that it has no application to a repeal of the common law. Criminal statutes are strictly construed, and nothing is taken by intendment to be within the provisions of the same unless clearly embraced within the words of the statute.

*State v. Boogher*, 71 Mo. 631; *State v. McCance*, 110 Mo. 398.

*Sam C. Major* for respondent.

The only question relied on in this case by the appellants for a reversal is that chapter 56, article 2 of the Revised Statutes of Missouri, 1889, commonly known as the "Wood local option law" was not in force in the city of Fayette, or in Howard county, at the time of the trial and judgment, and states that the general rule is, that where a penal law is broken the offender can not be punished under it, if it expires, or is repealed, before conviction, although the prosecution was begun while the act was in force, and insists that the fact that the people voted against said law when the question was presented in July, 1895, did not amount to a repeal of the law, and that section 6597 of the Revised Statutes, 1889, or similar statutes, have no application in this case. It is admitted in this case that the Wood local option law was in full force at the time of the finding of the indictment in this case and at the times the defendants were charged with violating its provisions. While the Wood local option law is a general law, the act provides that in order to place any county, or town, or city under the operation of the law, it must be done by a majority vote, and when once adopted remains the law until the people by a majority vote repeal it, and when once the law remains the law until so repealed and does not expire by its own limitation, as contended by the appellants. See ch. 56, art. 2, R. S. 1889. This law was in force and effect in the city of Fayette from and after its adoption by the city of Fayette and not from its passage by the legislature. This law so far as the city of Fayette and this defendant is concerned, was

virtually repealed from and after the fifth day of July, 1895, when the question was again submitted and by the people rejected. We contend that the law was in effect repealed, and that the saving clause as to repeals is applicable in this case. The word repeal is defined by Webster as follows: To recall, as a deed, will, law or statute, to revoke, to abrogate by an authoritative act, or by the same power that made or enacted. The legislature in this case passed a general law, giving towns, cities, and counties the right to enact its provisions and when enacted the right to repeal. See chap. 56, art. 2, Revised Statutes, 1889; 93 Mo. 606. I understand the rule to be that when a penal statute is repealed, violations committed before the repeal are also exempted, unless reserved, or unless there has been some private right divested by it. I contend that the trial court was correct in its finding and that the defendants were properly convicted, that the court properly refused defendant's instruction, properly overruled the motion for a new trial, properly overruled the motion in arrest of judgment, and I earnestly contend that the judgment be affirmed. In support of which see: Revised Statutes of Missouri, 1889, sections 3972, 6594 and 6597; *State v. Ross*, 49 Mo. 416; *State v. Proctor*, 90 Mo. 334.

SMITH, P. J.—Defendant was indicted, tried, and convicted for a violation of the provisions of article 2, chapter 56, Revised Statutes.

It is admitted that the provisions of said statute were in force in the city of Fayette at the time of its violation by defendants and the finding of the indictment therefor. It is further admitted that at the time of the trial said statutory provisions were not in force in said city of Fayette, the same having been pre-

viously rejected by a vote of the qualified voters of that city, on the fifth day of July, 1895.

The propriety of the action of the court in refusing to give an instruction asked by the defendants, to the effect that the "local option law" was not then in force within the city of Fayette and the defendant could not therefore be convicted for the violation thereof, is the only question raised by the appeal. Whenever the term "local option law" is hereafter used, it will be understood as "referring to said article" 2 of chapter 56, Revised Statutes.

The local option law is a general law in this state, but is in force only in those counties and cites where it has been adopted by a vote of a majority of the qualified voters therein. It will be seen by reference to its provisions, section 4604, that when once adopted, it stands for four years and until rejected by the same power that adopted it. In the present instance, it had been first adopted and then subsequently rejected.

It is pertinent to now inquire whether the rejection of this law had the effect to repeal it, for, if so, then it is clear that under section 3972, Revised Statutes, which provides that: "No offense committed and no fine, penalty, or forfeiture incurred, or prosecution commenced or pending, previous to or at the time when any statutory provision shall be repealed or amended shall be affected by such repeal or amendment, but the trial and punishment of all offenses and the recovery of such fines, penalties, or forfeitures, shall be had, in all respects, as if the provisions had not been repealed or amended, except that all such proceedings shall be conducted according to existing laws. *Provided*, that if the penalty or punishment for any offense be reduced or lessened by any alteration of the law creating the offense, such penalty or punishment shall be assessed according to the amendatory

law;" the judgment must be upheld; but, if its rejection did not have that effect, then the opposite result must follow.

The power to enact, amend, or repeal a statute is lodged by the constitution in the legislature and is not the subject of delegation. It is therefore not within the power of the qualified voters of any city or county, at any election held by them, to enact, amend, or repeal a statute. The effect of the adoption of the local option law by the qualified voters of the city of Fayette was not to repeal the general statutes in relation to dramshops, but to suspend the operative force of the latter in that city, during the time the former was in force therein. *State v. Pond*, 93 Mo. 606.

The case here is distinguishable from that of the *State v. Bender*, 38 Mo. 451, and perhaps other cases in this state that it is needless to cite, where the adoption of a city ordinance had the effect to necessarily repeal and supersede a previous statute; for here the dramshop statute was suspended and superseded by the adoption of the local option law and subsequently restored by the rejection of the latter, but the adoption of the latter did not repeal the former, nor did the rejection of the latter affect its own existence as a statute of a general nature. The local option law was in existence as well after as before the trial and conviction of the defendants. The defendants were indicted under a statute in force in the locality of the crime, at the time of its commission, but not at the time of the trial and conviction. But this did not result from the repeal of either of those statutes.

It can no more be said that the rejection of the local option law in effect accomplished its repeal, than that its enactment was effected by its adoption, for, as already observed, a statute, under our system of government, can neither be enacted nor repealed in that

way. How can it be said that the local option law has been repealed, when it may be again put in force, without the agency of the lawmaking power? There is a plain distinction between the repeal of a statute and the suspension of its operative force.

When the offense is committed before the repeal, but the trial does not take place until afterward, the saving clause contained in section 3972, already quoted, applies; but if the violated statute is not repealed, but merely suspended in its operation, in the locality of the crime, as here, it is equally plain the said saving clause has no application. Criminal statutes are strictly construed and nothing is taken by intendment to be within the provisions of the same unless clearly embraced within the words of the statute. *State v. McCance*, 110 Mo. 399; *State v. Boogher*, 71 Mo. 631; Endlich on Interpretation, section 479. When a strict construction is called for, the particular case, to come under the statute, must be within both its letter and its spirit and reason. And though within the spirit and reason of the statute, that is not enough, unless within its letter. Black on Interpretation of Laws, 282.

It is too clear for argument that the rejection of the local option law and the consequent suspension of its operation in the city of Fayette was not the repeal of that law contemplated by the provisions of said section 3972; but since, at the time of the trial of the defendants, the law which they had violated was not in force in said city for any purpose, we must hold that the action of the court in refusing the defendant's instruction was error.

It results that the judgment must be reversed and the defendants discharged. GILL, J., concurs. ELLISON, J., dissents.

ELLISON, J. (*dissenting*).—I think the foregoing opinion is not a proper or practical solution of the question presented by the appeal. If, prior to the adoption of the local option law, the defendant had been indicted for a violation of the general dramshop law, but had not been put upon his trial until after the adoption of the local option law, it seems to me clear that he could have been convicted under the saving clause of the statute, sections 3972, 6594, 6597; for the reason that the local option law, when adopted, repealed the dramshop law.   Section 4602, R. S.; *State ex rel. v. Pond*, 93 Mo. 633, 634; *Ex Parte Swan*, 96 Mo. 49.   And it especially provided that a repeal of a law shall not have the effect to prevent a conviction on its violation before repeal.

The same reasoning makes clear to my mind that when, after being once adopted, the law is rejected, then it is repealed in the community or jurisdiction which rejects it; and therefore he who has violated the local option law may be convicted of such violation after it has been thus repealed.   That the local option law is repealed in a given community when it is rejected by a vote of that community, is evident from the reading of sections 4602 and 4603 of the statute. The repeal is a provision of the statute itself, becoming effective on a vote of rejection.   And when repealed, the general dramshop law again becomes operative, for the reason that it is so provided in section 4602. It is there enacted that if the vote be for the sale of liquors, the general law shall thence after be in force. If, on the rejection of local option, after it had been in operation for four years, the general law is in force, what has become of the local option law?   The two laws can not be in force at the same time, in the same community. *Ex parte Swan, supra.*   It is necessarily

repealed, in the sense of the statute. When the statute, section 3972, provided that the repeal of a statute should not affect the prosecution of an offense committed before the repeal, it necessarily embraced a case like the present. The word repeal does not necessarily mean an act of the legislature had at the time effect is given to the repeal. Thus, in *State v. Binder*, 38 Mo. 456, which, I think, is a case in point here, it is said:

"The act of the general assembly did not directly repeal the statute making it a misdemeanor to sell fermented liquors on Sunday but it gave to the city of St. Louis the power to pass an ordinance which should have the effect to allow the sale of such liquors on Sunday within the corporate limits, whenever a majority of the legal voters of the city should authorize the same to be done; and when that power had been called into exercise, and ordinances had been passed in pursuance of such authority given, the effect thereof was necessarily to repeal so far, and to supersede, the previous statute. The exercise of this power was made by the act to be dependent upon the consent and authority of a majority of the legal voters of the city."

Repeal means to annul, to call back, to abrogate, by the same power that made or enacted. The legislature enacted a law which itself provided for the adoption, and the repeal or abrogation of that law in certain communities. And just as certainly as the legislature has provided for an effective local option law in certain communities, just so certainly have they provided for abrogation of that law; and the same argument that leads to the conclusion that it can not be repealed, leads to the conclusion that it can not be given operation. I think the circuit court properly adopted the view presented by the state.