STATE OF MISSOURI, Respondent, v. BARNETT, Appellant.

St. Louis Court of Appeals, March 21, 1905.

1. **DRAMSHOP KEEPER:** Revoking License: County Court. A county court has jurisdiction to revoke a dramshop license under section 3012, Revised Statutes of 1899, if the licensee has kept a disorderly house.

2. ———: ———: County Courts and Circuit Courts. The county court had jurisdiction to forfeit a dramshop license on the ground that the licensee was keeping a disorderly house, although a prior proceeding was pending at the time in the circuit court against the dramshop keeper for allowing musical instruments to be played upon his premises, in which proceeding his license was forfeited.

3. ———: ———: ———: Evidence. The fact that the county court sustained the charge of keeping a disorderly house on the same facts for which he was convicted in the circuit court, did not render the forfeiture of the county court a nullity; the filing of the charge determined the jurisdiction, not the evidence in its support; and, although the judgment by the county court may have been erroneous, it was good against collateral attack.

4. ———: ———: Jurisdiction. Where a proceeding to revoke the license of a dramshop keeper was heard at a special term, but not embraced within the call for that term so that it could not properly have been proceded with, if the licensee interposed no objection to the hearing at that time, but defended on other grounds, he waived his objection to jurisdiction.

5. ———: ———: Appeal: The refusal of the county court to allow an appeal from an order revoking the license did not render the order void.

6. ———: ———: ———: Supersedeas. The pendency of an appeal from a judgment of the circuit court forfeiting the license of a dramshop keeper did not operate as a supersedeas of a judgment in the county court ordering a forfeiture of the same

license on another ground, in a proceeding begun after the proceeding in the circuit court, so as to protect the licensee's bartender in selling liquor under the license.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*C. G. Shepard* for appellant.

(1) The county court had no jurisdiction of the subject-matter nor of the person of Wm. H. Barnett in the proceedings wherein the said court was attempting to revoke his dramshop licenses. (2) The county court should have sustained Wm. H. Barnett's plea of same cause pending in another court of competent jurisdiction in his state, and the circuit court on the trial of this cause when said plea was introduced in evidence should have held that said plea was a complete bar to further action in the county court of said matter, and that the said dramshop license was not legally revoked and was therefore a complete defense to this prosecution. Glover v. Investment Co., 138 Mo. 408, 40 S. W. 110; Warder v. Henry, 117 Mo. 530, 23 S. W. 776. (3) The county court should have sustained Wm. H. Barnett's plea of *res adjudicata,* as filed in said cause, and when said plea was introduced in this cause the circuit court should have found that said plea, when filed in the county court, was a complete bar to further action by said court, and that Wm. H. Barnett's dramshop license had not been legally revoked and was therefore a complete defense to this prosecution. Williams v. Iron Co., 30 Mo. App. 662; Case v. Gorton, 33 Mo. App. 597; Rodney v. Gibbs (Mo.), 82 S. W. 187.

*L. L. Collins* for respondent.

(1) William H. Barnett being convicted in the Pemiscot Circuit Court at its November term, 1903, of

a violation of section 3018 of R. S. 1899, this worked a forfeiture of his dramshop license and thereafter he had no authority to keep and operate a dramshop. Section 3018, R. S. 1899. (2) It having been shown to the county court of Pemiscot county that William H. Barnett had been convicted in the circuit court of said county of violating section 3018, R. S. 1899, thereby not "at all times keeping an orderly house," said county court had the power to order the revocation of said William H. Barnett's dramshop license, and from the date of said order, to-wit: December 23rd, 1903, said William H. Barnett had no license as a dramshop keeper. Section 3012, R. S. 1899. (3) Even if the county court was without jurisdiction or exceeded its jurisdiction in revoking Wm. H. Barnett's dramshop license after he had appealed from his conviction in the circuit court which forfeited his license in addition to the fine assessed against him, his remedy was not by appeal from the order or the county court revoking his license, but by writ of certiorari. State ex rel. v. Shelton, 154 Mo. 670, 55 S. W. 1008; State ex rel. v. Bland et al., 168 Mo. 1, 67 S. W. 580.

GOODE, J.—This defendant was convicted of selling intoxicating liquor on the 18th day of January, 1904, without having a license as a dramshop keeper or any authority to sell the liquor. The defendant admitted selling a pint of whisky on the day charged in the information and that he had no license as a dramshop keeper. He asserts he was justified under a license to Wm. H. Barnett, issued by the county court of Pemiscot county September 19, 1903, to expire March 18, 1904. The defendant was employed as a bartender by Wm. H. Barnett when he made the illegal sale. To overcome the defense the State showed that at the November term of the circuit court of Pemiscot county, Wm. H. Barnett was convicted of violating section 3018 of the Revised Statutes of 1899 and his dramshop license revoked by the

circuit court as part of the penalty for the offense. The offense with which he was charged in the circuit court was keeping a musical instrument in his saloon and permitting it to be played. It was also shown by the State that the county court of Pemiscot county revoked Wm. H. Barnett's license as a dramshop keeper by an order entered December 23, 1903. This order of the county court was on a charge that the said Wm. H. Barnett had not kept an orderly house. R. S. 1899, sec. 3012.

In regard to the judgment of the circuit court undertaking to forfeit the license of his employer, the defendant contends that the operation of the judgment had been suspended by an appeal to this court taken prior to January 18, 1904, when the defendant made the sale of liquor for which he was convicted, and, therefore, as far as the judgment of the circuit court is concerned, his employer's license was in effect on that day and the defendant had the right to sell. As to order of the county court revoking his employer's license, the defendant contends is was void for several reasons: First. Because it was made at a called term of the county court, though the proceeding to revoke the license was not embraced in the call. Second. Because the license was ordered revoked for the same reason it was ordered forfeited by the circuit court, namely; permitting a musical instrument to be played in the saloon; that, therefore, the county court should have upheld the plea of the pendency of the prior action to forfeit the license which had been instituted in the circuit court, when said plea was made by Wm. H. Barnett in the proceedings in the county court—in other words, that the pendency of the action in the circuit court to forfeit the license stood in the way of the county court's taking jurisdiction of the proceeding to forfeit. Fourth. That the county court erroneously refused to grant Wm. H. Barnett an appeal from the order forfeiting his license.

County courts unquestionably have jurisdiction to revoke dramshop licenses in a proper case if the licensee

has not kept an orderly house. R. S. 1899, sec. 3012. Therefore, the county court of Pemiscot county had jurisdiction of the subject-matter of the proceeding to revoke the license of Wm. H. Barnett. This proceeding was instituted on a properly verified information charging the defendant with keeping a disorderly house. To the argument that the county court revoked the license for the same offence acted on by the circuit court, and that the action of the county court was in a proceeding of which it had no jurisdiction, because a prior proceeding to forfeit on the same ground was pending in another court, our answer is that the proceedings in the two courts were entirely different. The cause pending in the circuit court was a criminal information charging Wm. H. Barnett with a district offence, to-wit: keeping a muscal instrument in his saloon and permitting it to be played. The charge in the county court was keeping a disorderly house. Those two charges were distinct and the county court had jurisdiction of one and the circuit court of the other. But if the county court sustained the charge of keeping a disorderly house on proof of the same facts for which Wm. H. Barnett was convicted of an offence in the circuit court, this does not render the forfeiture by the judgment of the former tribunal, on a finding by it that a disorderly house had been kept, a nullity in this independent prosecution. Neither does the evidence received by the county court in proof of the charge that a disorderly house was kept, demonstrate that said court was without jurisdiction. Its jurisdiction depended on the filing of a proper charge against the dramshop keeper; not on the evidence adduced to support the charge. The evidence may have been insufficient to support it and the judgment revoking the license may have been erroneous; but it is good against collateral attack.

The proceeding to forfeit the license was not embraced within the call for the special term and could not properly have been proceeded with at that term if objec-

tion had been interposed or Wm. H. Barnett had not submitted to and acquiesced in the hearing of the matter at the called term. But the record of the county court's action as preserved in the record of the present case, shows that said Barnett appeared at the called term and does not show that he objected to action on his case for the reason that it was not within the call. What he did, was to interpose the plea of a prior suit pending in the circuit court and prior adjudication there and move the dismissal of the charge pending in the county court. The motion and plea were overruled and the proceeding to revoke the license was heard, as far as appears, with his concurrence, that is, without objection that it could not be heard at the special term.

Manifestly the refusal of the county court to grant an appeal from the order revoking Wm. H. Barnett's license cuts no figure in this case. It does not render the judgment of forfeiture void and affords the present defendant no ground to assert that the license was in force on January 18th when he sold liquor for his employer. All the foregoing matters are found, on scrutiny, to be attempts in this case to have the action of the county court in an entirely distinct cause against another person, declared a nullity, although that court had entire jurisdiction of the proceeding in which it acted.

It is said that Wm. H. Barnett's appeal from the conviction in the circuit court kept his license in force pending the appeal and justified this defendant in selling liquor during the interval. We are by no means ready to concede that, if no other step against the license had been taken, it would have remained in force until Wm. H. Barnett's appeal was decided. There is much authority for saying that, in as far as a judgment is self-executing, it remains operative notwithstanding an appeal with bond. Elliott App. Proced., secs. 391, 393, 394; Walls v. Palmer, 64 Ind. 493; Graves v. Maguire, 6 Paige Ch. 379; Padgett v. State, 93 Ind. 396; Burton v.

Burton, 28 Ind. 342; Carver v. Carver, 115 Ind. 539. And it is generally held that a judgment or decree forbidding the doing of a specific act remains operative notwithstanding the appeal. Thus, where an attorney was disbarred and suspended from practice, it was held that granting a supersedeas did not entitle him to practice pending the decision of the appeal. Walls v. Palmer, 64 Ind. 493; State ex rel. v. Dillon, 96 Mo. 56, 8 S. W. 781; State v. Chase, 41 Ind. 356; Central Union, etc., Co. v. State, 110 Ind. 203; Hawkins v. State, 126 Ind. 294; Heinlen v. Cross, 63 Calif. 44; Railroad v. Gilbert, etc., Co., 71 N. Y. 430; Graves v. Maguire, 6 Paige Ch. 397; Robertson v. Davis, 14 Minn. 554. But the decision of that point may be waived in the present case, for when the defendant sold whiskey on January 18th there stood of record, not only the forfeiture of his employer's license by the judgment of the circuit court, but the revocation of the license by the county court; and certainly the appeal of the case in the circuit court did not operate as a supersedeas of the county court's judgment: which, therefore, must be treated in this collateral cause, as in force.

The defendant showed no authority to sell liquor on the day he made the sale in question and the judgment convicting him of an illegal sale is affirmed. All concur.