STATE OF MISSOURI, Respondent, v. WALKER, Appellant.

**St. Louis Court of Appeals, March 3, 1908.**

1. **DRAMSHOP KEEPER: Local Option Election: Conviction After Adoption of Local Option Law for Offense Committed Before Its Adoption.** Where a dramshop keeper was indicted for violation of the dramshop act and, after his indictment and before the trial, the local option law was adopted in the county, he could be still convicted of the offense charged under the provision of section 2392, Revised Statutes 1899, notwithstanding the law he was charged with violating was not in force at the time of the trial.

2. ————: ————: **Repeal.** After the adoption of a local option law by election in a county, the dramshop law previously in force remains in force to regulate existing licenses, but it is repealed in such a sense as to bring into operation the provisions of section 2392 permitting indictments and informations theretofore found for infractions of the dramshop law to be prosecuted.

3. **CRIMINAL PRACTICE: Indictment: Signature of Prosecuting Attorney.** The signature of the prosecuting attorney to an indictment is sufficient without appending the name of his county.

4. **DRAMSHOP KEEPER: Prosecution: Evidence of License.** Where, in the prosecution of a dramshop keeper for violation of the dramshop act, he has been notified to produce his license, secondary evidence is admissible to show that he is a dramshop keeper.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED AND CERTIFIED TO SUPREME COURT.

*Van Wormer, Hogan & Delaney* for appellant.

(1) The adoption of the local option law, article 3, chapter 22, Revised Statutes 1899, bars any prosecution in the locality adopting said law for violation of the dramshop law. The dramshop law was not in force in Howell county at the time of the trial and conviction of defendant. It is a well-established principle of law

that an offender cannot be punished for the infraction of a penal law if it expires or is repealed before the conviction, although the prosecution was begun while the act was in force. Endlich on the Interpretation of Statutes, sec. 478; Black on Intoxicating Liquors, sec. 106; State v. Patrick & Boyd, 65 Mo. App. 653; State v. Beam, 51 Mo. App. 368; Sutherland on Statutory Construction (1 Ed.), pp. 176, 177, 189, 190, 191, 214, 215, 216, 217, 223, 224 and 225, chapter 8. The dramshop law was not repealed by the adoption of local option in Howell county at the election held on the 31st day of January, 1907, but only suspended and rendered inoperative by reason thereof. State ex rel. v. Pond, 93 Mo. 606; Ex parte Swann, 96 Mo. 44; State v. Winfield, 65 Mo. App. 662. (2) The statutory provision, or saving clause, contained in section 2392, Revised Statutes 1899, only applies where a statutory provision has been repealed, not suspended. State v. Boogher, 71 Mo. 633; Kansas City v. Clark, 68 Mo. 588.

*J. L. Bess,* Prosecuting Attorney, for respondent.

(1) It is not necessary that the prosecuting attorney add the county after his signature on indictment. State v. Gibson, 114 Mo. App. 652. (2) The court properly overruled appellant's demurrer to the evidence, and its instructions fully covered every reasonable condition material in the case. State v. Bond, 190 Mo. 555. (3) Respondent maintains that the local option law is not sufficiently broad in its terms to afford the proper protection to the minor, and that the dramshop and general statutes under which this case was brought are ample in their language and phraseology, and that they constitute the only existing law by which their intended purpose can be fully accomplished. If the adoption of the local option law, the intended good purpose of which we do not question, constitutes a suspension of these

general statutes, it certainly is inconsistent in its purpose, and irreparable injury, to the very class who need the greatest protection, is inevitable.   State ex rel. v. Willis, 66 Mo. 131; State v. Burchart, 144 Mo. 83.   The local option law does not suspend every other law with reference to the disposition of intoxicating liquors.   Ex parte Swan, 96 Mo. 44; State v. Williams, 38 Mo. App. 37.

GOODE, J.—Defendant was indicted by the grand jury of Howell county February 14, 1907, for disposing of liquors unlawfully to a minor without the written permission of the parent or guardian of said minor. Appellant was a dramshop keeper and was indicted as such; but before the trial, to-wit, January 31, 1907, an election was held in Howell county to determine whether the sale of liquors in said county should be prohibited under the local option law, and as the vote was in favor of prohibition, the statute against the sale of liquors in the county went into effect March 16, 1907.   This case was not called for trial until April 4, 1907, and after the adoption of prohibition for the county.   The appellant admitted the sale of liquors as charged in the indictment, and submitted the case on the contention that he ought not to be convicted as the law under which he was indicted and tried was suspended by the adoption of prohibition in Howell county.   Other objections to the conviction are raised, chiefly against the indictment. Appellant's position that the occurrence of the local option election prior to the trial sufficed to prevent a conviction, because the dramshop act under which defendant was tried was not in force in the county at the time of the trial, might be well taken, but for the provision of section 2392 of the Revised Statutes of 1899.   This section says no offence committed and no fine, penalty or forfeiture, or prosecution commenced or pending previous to or at the time when any statutory provision

shall be repealed or amended, shall be affected by such repeal or amendment, but the trial and punishment of all such offences, and the recovery of such fines, penalties or forfeitures, shall be had as if it had not been repealed or amended.   There is a further provision in the clause that if the punishment or penalty for any offence is reduced or lessened after commission of the offence and before the trial of the offender, by alteration of the law creating the offence, such penalty or punishment shall be assessed according to the amended law.   Such a general statute has been held to save indictments drawn on a statute which is afterwards repealed.   [Mullinix v. People, 76 Ill. 211.]   Appellant says the saving section of the statute does not apply to his case, because the local option election did not operate to repeal the dramshop law in Howell county, but simply suspended it until the voters of the county shall, at a future election, reject the law prohibiting the sale of intoxicants in the county.   The outside current of decision seems to support the view that the local option election operated as a repeal of the dramshop law of the county for the time being; that is to say it was repealed but might again be put in force by a vote of the citizens.   That a vote adopting or rescinding the local option law is tantamount to a legislative repeal of the law previously in force was directly decided in Monroe v. State, 8 Tex. Crim. App. 343; also Halfin v. State, Id. 212; and see Black, Intox. Liq., sec. 106, and cases cited in note 77. These statutes regarding the sale of intoxicating liquors, though criminal offenses are created by some of them, ought to be construed so as to carry out their true purpose.   A vote under the local option statute prohibiting the sale of intoxicating liquors in a county, cannot be held to repeal instantly all provisions of the dramshop law without leading to mischievous consequences. The local option statutes continue those dramshop licenses which are in force when the election occurs until

they expire by limitation of time. Such licenses might run for six months, and to say the dramshop law is entirely repealed, would amount to saying liquors might be sold to minors, or in some other unlawful way, by parties holding licenses until these expired. Yet we think the dramshop law, though it remains in force to regulate existing licenses, is repealed by the adoption of prohibition at an election held under the local option statute; that is, repealed in such sense as to bring into operation, the saving clause of section 2392 permitting indictments and informations theretofore found for infractions of the dramshop law, to be prosecuted and the delinquents punished. In State v. Winfield, 65 Mo. App. 662, the majority of the Kansas City Court of Appeals reached a different conclusion on an analogous question; that is to say, whether or not a vote by a county which had previously voted against the sale of intoxicants, to permit their sale, amounted to a repeal of the local option statutes so that an indictment previously found for an infraction of them could not be prosecuted. It was held the second election did not repeal the statute against the sale of intoxicating liquors in the county within the meaning of section 2392; but merely suspended such statutes until another election. According to this reasoning neither the local option statutes nor the dramshop law would ever be repealed in any county, but would stand in successive abeyances awaiting alternate changes of public sentiment. This view is highly technical and impractical and was dissented from by Judge ELLISON in an opinion which we think is sound. He held that a proper construction of the law is that when the local option statutes are rejected in any county where they have been adopted, this amounts to repealing them within the force of section 2392 and brings indictments. previously returned for violating the local option statutes within the saving provision of said section. Judge ELLISON's opinion seems to accord with the decision of

the Supreme Court in State v. Binder, 38 Mo. 451. That defendant was convicted under an indictment for keeping open an ale and porter house (fermented liquors) on Sunday in the city of St. Louis, in violation of a statute contained in the Revision of 1855. Another statute gave a majority of the legal voters of the city power to grant permission for the opening of an establishment for the sale of refreshments of all sorts except *distilled liquors*, on any day of the week. An election had been held, with the result that the right to open establishments on any day of the week for the sale of refreshments, except distilled liquors, was voted. It was ruled the election held under the statute of the State, though it did not purport directly to repeal the statute against selling fermented liquors on Sunday, was tantamount to a repeal of the prior statute and superseded it. We think if the dramshop law is so far repealed by an election held under the local option statutes as to render the provisions of the former law no longer in force in the county, it is sufficiently repealed to bring into play section 2392 and permit convictions under indictments for offences committed prior to the local option election.

It is objected that the indictment was not signed by the prosecuting attorney with the name of his county appended to his signature. The indictment was signed by J. L. Bess as prosecuting attorney, and this was sufficient. [State v. Gilson, 114 Mo. App. 652, 90 S. W. 400.]

It is further objected that the license of defendant as a dramshop keeper was not introduced in evidence. Defendant was in possession of his license and was notified to produce it but refused to do so; whereupon secondary evidence was given; which was, we think, sufficient proof he was a dramshop keeper. [State v. Barnett, 110 Mo. App. 592, 85 S. W. 615; Id., 111 Mo. App. 558, 86 S. W. 460.] It is questionable if it was essential to prove he was a dramshop keeper. He could

be convicted under another statute.    [State v. Quinn, 170 Mo. 186.]   The judgment is affirmed.

We deem the conclusion we have reached to be in conflict with the decision of the Kansas City Court of Appeals in State v. Winfield, 65 Mo. App. 662, 67 S. W. 974; 70 S. W. 1117, and therefore this case is certified to the Supreme Court for its determination.   All concur. .