## THE STATE v. J. L. WALKER, Appellant.

**Division Two, June 8, 1909.**

1. **LOCAL OPTION LAW: Indictment Prior to Adoption.** An adoption of the Local Option Law by the people of a county, prohibiting the sale of intoxicating liquors therein, does not prevent the trial and conviction of a dramshop-keeper who prior thereto was indicted for selling liquors to a minor without the written consent of parents.

2. ———: **Adoption: Repeal of Dramshop Law.** The Dramshop Law, though it remains in force to regulate existing licenses, is repealed by the adoption by the people of the Local Option Law in the sense to bring into operation the saving clause of section 2392, Revised Statutes 1899, permitting indictments and informations theretofore found for infractions of the Dramshop Law, to be prosecuted and the delinquents to be punished. [Disapproving and overruling, State v. Patrick and Boyd, 65 Mo. App. 653.]

3. **INDICTMENT: Signed by Prosecuting Attorney.** An indictment signed by "J. L. Bess, prosecuting attorney," is sufficiently signed. It was not necessary that the name of the county be appended to his signature.

4. **DRAMSHOP-KEEPER:** Evidence: License. In the trial of a de-fendant as a dramshop-keeper for selling liquor to a minor without the written consent of his parents, an objection that his license as a dramshop-keeper was not introduced in evi-dence is unavailing, where he was in possession of the license, was notified to produce it but refused, whereupon secondary evidence was introduced sufficient to show he was a dram-shop-keeper. Besides, it is questionable if it was essential to prove he was a dramshop-keeper.

Transferred from St. Louis Court of Appeals.

AFFIRMED.

*Elliott W. Major,* Attorney-General, and *Chas. G. Revelle,* Assistant Attorney-General, for the State.

(1) (a) The statute fully individuates the of-fense and an indictment substantially following its language is sufficient. R. S. 1899, sec. 2179; Laws 1905, sec. 3009, p. 141; State v. Heibel, 116 Mo. App. 43; State v. Harroun, 199 Mo. 525. (b) In his motion in arrest defendant complains that the information was not signed as J. L. Bess, prosecuting attorney "of Howell county," but simply as J. L. Bess, "prosecut-ing attorney." It is not essential that he should add to his signature the county and State of which he was the prosecuting attorney, as the court will take judicial notice of its officers. State v. Campbell, 210 Mo. 214; State v. Gibson, 114 Mo. App. 653. (2) (a) Defend-ant also assigns as error the admission of the county court records to prove that he was a licensed dram-shop-keeper. The record discloses that defendant was notified and requested to produce his license, but re-fused to do so, suggesting at the time that the State make its own case if it had one. Under these circum-stances the only possible available evidence was secondary, and it was properly admitted. State v. Barnett, 110 Mo. App. 592. (b) Defendant, however, is in no position to complain at the admission of this

evidence, as he made no objections to same. City of DeSoto v. Brown, 44 Mo. App. 153; State v. McAffee, 148 Mo. 370; State v. Dusenberry, 112 Mo. 277. (c) After silently sitting by and permitting, without objections, the admission of the court's order granting the license, he later objected to the introduction of the bond, assigning as reasons therefor that it was incompetent, irrelevant and immaterial. That it is no objection and preserves no ruling, is well settled law. State v. Crone, 209 Mo. 330; State v. Page, 212 Mo. 237; State v. Goforth, 136 Mo. 116; State v. Harlin, 130 Mo. 395; State v. Harris, 199 Mo. 723. (d) It was not necessary for the State to prove that he was a dramshop-keeper. The indictment included within its allegations not only an offense under Sec. 3009, p. 141, Laws 1905, but also under Sec. 2179, R. S. 1899, which section is leveled against any person furnishing intoxicating liquor to a minor. It is a general rule of criminal procedure that if one is indicted under one section of the statute and the evidence shows that he is not guilty of a violation of that section, but is guilty of the violation of another section, he may be convicted under the section of which the evidence shows him guilty, provided the indictment is broad enough to include the offense within its allegations. State v. Quinn, 170 Mo. 182; State v. Heckler, 81 Mo. 417. (3) (a) The sole serious question presented by this record is defendant's contention that the dramshop law, which was in force at the time of his offense and indictment and under which he was indicted, was not in effect at the time of this trial and conviction, but had been suspended in the meantime by the adoption of the local option law. Sec. 2392, R. S. 1899, provides that no offense committed . . . or prosecution commenced or pending previous to or at the time when any statutory provision shall be repealed

or amended, shall be affected by such repeal or amendment, but that the trial and punishment of all such offenses . . . shall be had in all respects as if the provision had not been repealed or amended. Recognizing the force of this saving section and inclining towards the niceties of distinction, defendant contends that the adoption of the local option law does not repeal, but merely suspends the dramshop law. It occurs to us that it is wholly immaterial whether the effect of the adoption of the local option law is to repeal or merely suspend the operation of this law, as in either event the status of defendant is unchanged. If its effect is tantamount to the repeal of the statute by legislative act, as has been held in the following cases: Whisenhunt v. State, 18 Tex. App. 493; Monroe v. State, 8 Tex. App. 344; Dawson v. State, 28 Tex. App. 676; State v. Binder, 38 Mo. 456, then, under the saving statute above alluded to, the prosecution can be maintained. State v. Ross, 49 Mo. 416; State v. Proctor, 90 Mo. 334. (b) If, on the other hand, as defendant contends, its force is merely to suspend the operation of the dramshop law, the suspension does not operate to preclude a prosecution commenced prior to the suspension, as has been expressly held. Winterton v. State, 65 Miss. 241; People v. Wade, 101 Mich. 92; State v. County Court, 53 Mo. 128.

BURGESS, J.—In an opinion in the St. Louis Court of Appeals, the judgment of the circuit court in this case was affirmed, and upon motion by the defendant for a rehearing, the motion was overruled and the cause certified to the Supreme Court for final disposition, upon the ground that the decision of the St. Louis Court of Appeals was in conflict with the opinion of the Kansas City Court of Appeals in State of Missouri v. Patrick & Boyd, 65 Mo. App. 653, in which there was a divided court. We have carefully

read both opinions, and approve and adopt the opinion of the St. Louis Court of Appeals as being in harmony with our view as to the law of the case, and as the opinion of this court. It reads as follows:

"Defendant was indicted by the grand jury of Howell county, February 14, 1907, for disposing of liquors unlawfully to a minor without the written permission of the parent or guardian of said minor. Appellant was a dramshop-keeper and was indicted as such; but before the trial, to-wit, January 31, 1907, an election was held in Howell county to determine whether the sale of liquors in said county should be prohibited under the Local Option Law, and as the vote was in favor of prohibition, the statute against the sale of liquors in the county went into effect March 16, 1907. This case was not called for trial until April 4, 1907, and after the adoption of prohibition for the county. The appellant admitted the sale of liquors as charged in the indictment, and submitted the case on the contention that he ought not to be convicted as the law under which he was indicted and tried was suspended by the adoption of prohibition in Howell county. Other objections to the conviction are raised chiefly against the indictment. Appellant's position that the occurrence of the local option election prior to the trial sufficed to prevent a conviction, because the dramshop act under which defendant was tried was not in force in the county at the time of the trial, might be well taken, but for the provision of section 2392 of the Revised Statutes of 1899. This section says no offense committed and no fine, penalty or forfeiture, or prosecution commenced or pending previous to or at the time when any statutory provision shall be repealed or amended, shall be affected by such repeal or amendment, but the trial and punishment of all such offences, and the recovery of such fines, penalties or forfeitures, shall be had as if it had not been repealed or amended. There is a further

provision in the clause that if the punishment or penalty for any offense is reduced or lessened after commission of the offense and before the trial of the offender, by alteration of the law creating the offense, such penalty or punishment shall be assessed according to the amended law. Such a general statute has been held to save indictments drawn on a statute which is afterwards repealed. [Mullinix v. People, 76 Ill. 211.] Appellant says the saving section of the statute does not apply to his case, because the local option election did not operate to repeal the Dramshop Law in Howell county, but simply suspended it until the voters of the county shall, at a future election, reject the law prohibiting the sale of intoxicants in the county. The outside current of decision seems to support the view that the local option election operated as a repeal of the Dramshop Law of the county for the time being; that is to say, it was repealed but might again be put in force by a vote of the citizens. That a vote adopting or rescinding the Local Option Law is tantamount to a legislative repeal of the law previously in force was directly decided in Monroe v. State, 8 Tex. Crim. App. 343; also Halfin v. State, 5 Tex. Crim. App. 212; and see Black, Intox. Liq., sec. 106, and cases cited in note 77. These statutes regarding the sale of intoxicating liquors, though criminal offences are created by some of them, ought to be construed so as to carry out their true purpose. A vote under the Local Option statute prohibiting the sale of intoxicating liquors in a county, cannot be held to repeal instantly all provisions of the Dramshop Law without leading to mischievous consequences. The Local Option statutes continue those dramshop licenses which are in force when the election occurs until they expire by limitation of time. Such licenses might run for six months, and to say the Dramshop Law is entirely repealed would amount to saying liquors might be sold to minors, or in some other unlawful way, by parties

holding licenses until these expired. Yet we think the Dramshop Law, though it remains in force to regulate existing licenses, is repealed by the adoption of prohibition at an election held under the Local Option statute; that is, repealed in such sense as 'to bring into operation the saving clause of section 2392 permitting indictments and informations theretofore found for infractions of the Dramshop Law, to be prosecuted and the delinquents punished. In State v. Patrick & Boyd, 65 Mo. App. 653, the majority of the Kansas City Court of Appeals reached a different conclusion on an analogous question; that is to say, whether or not a vote by a county which had previously voted against the sale of intoxicants, to permit their sale, amounted to a repeal of the Local Option statute so that an indictment previously found for an infraction of them could not be prosecuted. It was held the second election did not repeal the statute against the sale of intoxicating liquors in the county within the meaning of section 2392; but merely suspended such statutes until another election. According to this reasoning neither the Local Option statutes nor the Dramshop Law would ever be repealed in any county, but would stand in successive abeyances awaiting alternate changes of public sentiment. This view is highly technical and impractical, and was dissented from by Judge ELLISON in an opinion which we think is sound. He held that a proper construction of the law is that when the Local Option statutes are rejected in any county where they have been adopted, this amounts to repealing them within the force of section 2392 and brings indictments previously returned for violating the Local Option statutes within the saving provisions of said section. Judge ELLISON's opinion seems to accord with the decision of the Supreme Court in State v. Binder, 38 Mo. 451. That defendant was convicted under an indictment for keeping open an ale and porter house (fermented liquors) on Sunday in the city of S{

Louis, in violation of a statute contained in the Revision of 1855. Another statute gave a majority of the legal voters of the city power to grant permission for the opening of an establishment for the sale of refreshments of all sorts except *distilled liquors,* on any day of the week. An election had been held, with the result that the right to open establishments on any day of the week for the sale of refreshments, except distilled liquors, was voted. It was ruled the election held under the statute of the State, though it did not purport directly to repeal the statute against selling fermented liquors on Sunday, was tantamount to a repeal of the prior statute and superseded it. We think if the Dramshop Law is so far repealed by an election held under the Local Option statutes as to render the provisions of the former law no longer in force in the county, it is sufficiently repealed to bring into play section 2392 and permit convictions under indictments for offences committed prior to the local option election.

"It is objected that the indictment was not signed by the prosecuting attorney with the name of his county appended to his signature. The indictment was signed by J. L. Bess as prosecuting attorney, and this was sufficient. [State v. Gilson, 114 Mo. App. 652.]

"It is further objected that the license of defendant as a dramshop-keeper was not introduced in evidence. Defendant was in possession of his license and was notified to produce it but refused to do so; whereupon secondary evidence was given; which was, we think, sufficient proof he was a dramshop-keeper. [State v. Barnett, 110 Mo. App. 592; Id., 111 Mo. App. 558.] It is questionable if it was essential to prove he was a dramshop-keeper. He could be convicted under another statute. [State v. Quinn, 170 Mo. 176.] The judgment is affirmed.

"We deem the conclusion we have reached to be in conflict with the decision of the Kansas City Court

of Appeals in State v. Patrick & Boyd, 65 Mo. App. 653, and therefore this case is certified to the Supreme Court for its determination. All concur.''

The case of State v. Patrick & Boyd, supra, is overruled.

All concur.