## STATE OF MISSOURI, Respondent, v. F. M. TULLAR, Appellant.

Kansas City Court of Appeals, June 14, 1909.

1. **CRIMES AND PUNISHMENT:** Local Option: Conflict of Laws: Suspension or Repeal. The defendant was indicted for a violation of section 3047, R. S. 1899, committed in October, 1907. Afterward but before the trial a "local option" election resulted in favor of prohibition which became effective in December, 1907. *Held*, that the adoption of prohibition after the date of the offense but before the trial does not relieve the defendant of criminal responsibility and that section 2392,

Revised Statutes 1899, has no application for the reason that the adoption of prohibition was to suspend, not to repeal, the act under which defendant was convicted. [Overruling State v. Winfield, 65 Mo. App. 662.]

Appeal from the Caldwell Circuit Court.—*Hon. Francis H. Trimble,* Judge.

AFFIRMED.

*L. R. Kautz,* Prosecuting Attorney, and *D. E. Adams* for respondent.

*J. C. Wilson* and *Garland Wilson* for appellant.

JOHNSON, J.—Defendant and W. H. Edwards who, as partners, were conducting a drug store in Caldwell county were indicted for a violation of section 3047, Revised Statutes 1899. Edwards died before trial and the prosecution was continued against defendant alone. The trial resulted in a conviction and the cause is here on the appeal of defendant.

The alleged offense was committed in October, 1907, and defendant was indicted December 4th of that year. After the offense, but before the trial, a "local option" election was held in Caldwell county and the vote was in favor of prohibition. It is conceded the election and proceedings were regular and that prohibition became effective in that county December 16, 1907. The trial was had in June, 1908. Defendant contends that the effect of the adoption of prohibition in Caldwell county after the date of the offense and before the trial was to relieve defendant of criminal responsibility for the offense under the common law rule that there can be no legal conviction for an offense unless the act be contrary to law at the time it is committed, nor can there be a judgment unless the law is in force at the time of the indictment and judgment. Defendant argues that the provisions of section 2392, Revised Statutes 1899, that

"no offense committed and no fine, penalty or forfeiture incurred or prosecution commenced or pending previous to or at the time when any statutory provision shall be repealed or amended, shall be affected by such repeal or amendment," has no application here for the reason that the effect of the adoption of prohibition under the Local Option law was to suspend, not to repeal, the operation of the Druggist Act in Caldwell county and, consequently, that section 2392 does not apply, since it relates only to repealed or amended laws.

This precise question was before the St. Louis Court of Appeals in State v. Walker, 129 Mo. App. 371, and was decided adversely to the contention of defendant, but the decision was deemed to be in conflict with the majority opinion of this court in State v. Winfield, 65 Mo. App. 662, and on that account the cause was certified to the Supreme Court. A careful investigation of the question convinces us of the correctness of the conclusion of the St. Louis court, and we refer to the opinion of Judge GOODE in that case for a full expression of the views we entertain. To the extent that it may be in conflict with the present ruling, the decision in the Winfield case is overruled.

Point is made that the verdict and judgment are not supported by evidence, but we find the evidence sufficient to sustain a conviction. [State v. Quinn, 40 Mo. App. 627.] Further, we find that the instructions given the jury properly stated the law of the case.

The judgment is affirmed. All concur.