STATE OF MISSOURI, Respondent, v. HARRY
SEIBERLING, Appellant.

**Springfield Court of Appeals, April 4, 1910.**

1. **CRIMINAL LAW: Dramshop Keeper: Selling Liquor to
   Minor: Effect of Subsequent Adoption of Local Option Law.**
   Where a dramshop keeper was indicted for selling liquor to a
   minor, but before his trial the Local Option Law was adopted in
   the county, *held*, that defendant could be subsequently tried and
   convicted for the violation of the dramshop law. (Following
   State v. Walker, 221 Mo. 511.)

2. ———: ———: ———: **Where Minor is Married.** The fact
   that a minor is married and the head of a household does not
   make him an adult in the eyes of the law nor relieve a dramshop
   keeper selling him intoxicating liquors from the penalty pre-
   scribed for selling liquors to a minor.

3. ———: **Misdemeanors: Indictment.** In an indictment charg-
   ing a dramshop keeper with selling intoxicating liquor to a
   minor, the omission of the words "then and there" in the con-
   clusion of the indictment, and in the clause charging the age of
   the minor, *held*, not fatal where the time and place of the
   commission of the offense is sufficiently charged at the be-
   ginning of the indictment.

4. ———: ———: ———. In case of minor offenses, the
   same nicety is not required in drawing indictments as is re-
   quired in charging common law felonies.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,*
Judge.

AFFIRMED.

*Delaney, Hogan & Van Wormer* for appellant.

The omission of the words "then and there" in the
conclusion of the indictment, and in the clause charg-
ing the age of the vendee, the minor, is fatal to the va-
lidity of the indictment. Nothing material in an indict-
ment will be taken by intendment. State v. Patterson,
159 Mo. 101; State v. Meyers, 99 Mo. 107; State v. Mi-

nor, 193 Mo. 597.   (2)   The evidence shows that Ovid
Peters, the alleged minor, while under twenty-one years
of age, was married, the head of a household and inde-
pendent of his parent.   The parent had no remaining
rights to services of said Peters.   Therefore, Peters
should be regarded as an adult.   Bell v. Bumpus, 63
Mich. 375; Soldanels v. Railroad, 23 Mo. App. 516; 14
Am. and Eng. Ency. Law (1 Ed.), 314.   (3)   It is a
primary law that the adoption of a law inconsistent
with a prior law repeals said prior law.   This is a fun-
damental principle and unless adhered to the whole sys-
tem of statutory construction must be for naught and
inconceivable confusion and endless litigation result.
Sutherland on Statutory Const. (1 Ed.), ch. 8; State
v. Patrick & Boyd, 65 Mo. App. 653; State v. Winfield,
65 Mo. App. 662.

*J. L. Bess* for respondent.

(1)   The fact that the minor might have been mar-
ried, and out from under the control and protection of
his parents, affords no excuse for defendant's viola-
tion, as the statute is broad in its terms, and is intend-
ed to protect all minors.   Section 3009, Laws of 1905,
141.   (2)   The indictment in this case strictly conforms
to the language of the last above mentioned statute,
and is ample in its terms under section 3009, R. S. 1899.
State v. Kruger, 174 Mo. 262; State v. Davis, 106 Mo.
230.   (3)   We do not think appellant's position well
taken, with reference to the adoption of local option in
Howell county, prior to the trial of this case, but main-
tain that section 2392 of the Revised Statutes of 1899
provides ample protection herein.   We think this ques-
tion has been well settled by our courts, and needs no
further discussion by us.   State v. Walker, 221 Mo. 515,
129 Mo. App. 371; State v. Binder, 38 Mo. 456; Dawson
v. State, 28 Tex. App. 676; Black, Intox. Liq., sec. 106;
State v. Ross, 49 Mo. 416; State v. Proctor, 90 Mo. 334.

NIXON, P. J.—Defendant was indicted by the grand jury of Howell county at the February term, 1907, for unlawfully disposing of intoxicating liquor to a minor. Appellant was a dramshop keeper and was indicted as such; but before the trial, to-wit, on January 31, 1907, an election was held in Howell county to determine whether the sale of intoxicating liquors in said county should be prohibited under the Local Option Law, and as the vote was in favor of local option, the statute against the sale of liquor in the county went into effect March 16, 1907, after the adoption of the Local Option Law in the county.

It is urged by appellant that the occurrence of the local option election prior to the trial sufficed to prevent a conviction, because the dramshop act under which defendant was tried was not in force in the county at the time of the trial. The case of State v. Patrick & Boyd, 65 Mo. App. 653, cited by appellant, would amply sustain his position; but the St. Louis Court of Appeals in the case of State v. Walker, 129 Mo. App. 371, 108 S. W. 615, expressly refused to follow that case, and because of the conflict, certified the case to the Supreme Court. The opinion of the Supreme Court is reported in 221 Mo. 511, 120 S. W. 1198, wherein the opinion of the St. Louis Court of Appeals is approved and adopted as the opinion of the Supreme Court. That case and the one at bar are identical. The Kansas City Court of Appeals has also accepted this view of the law in a late case. [State v. Tullar, 138 Mo. App. 349, 122 S. W. 313.]

The opinion of the St. Louis Court of Appeals in the case of State v. Walker, supra, is adopted *in toto* as the opinion of this court in this case as covering points 2, 4, 5 and 6 made by appellant.

It is also contended by appellant that the omission of the words "then and there" in the conclusion of the indictment and in the clause charging the age of the

minor is fatal. This point is made on the ground that nothing material in an indictment will be taken by intendment. The words "then and there" are simply words of reference, used for convenience to avoid repeating time and again the place and time of the commission of the offense, but which in this case are sufficiently charged at the beginning of the indictment. [Boble v. People (Ill.), 50 N. E. 322.] And in cases of minor offenses like the present, the same nicety is not required in drawing indictments as is required in charging common-law felonies.

Appellant further contends that because the minor to whom the liquor was sold was married and the head of a household, the rights of his parents over him had ceased and that therefore he should be regarded as an adult. In support of this contention, appellant stated that the reason of the law in regard to sales of liquor to minors is that the law seeks to protect the parent of said minor. Whatever may be the purpose of the first part of section 3009, Revised Statutes 1899, creating a civil liability in favor of the parent, the latter part, making a sale of liquor to a *minor* a misdemeanor and providing a fine therefor is most positive in its terms, and we have been referred to no case which in any way sustains appellant's contention and revolutionizes the law as to who and who is not a minor. Section 3477, Revised Statutes 1899, provides: "Males of the age of twenty-one years, and females of the age of eighteen years, shall be considered of full age for all purposes, except as otherwise provided by law, and until those ages are attained, they shall be considered minors." It is nowhere made the prerogative of a married minor that a dramshop keeper may sell him intoxicating liquor; and if we were at liberty to examine the reasons of the law, we might well conclude that the marriage of a minor is an additional reason why he should be

denied the right to purchase intoxicating liquors at a dramshop.

We find no error in this record. The judgment is affirmed. All concur.