THE STATE OF MISSOURI, Respondent, v. FREDERICK MATHEIS, Appellant.

St. Louis Court of Appeals, April 5, 1892.

1. **Practice, Appellate:** PRESUMPTIONS. It cannot be presumed that the trial court failed to properly admonish the jury at the time of an adjournment in a criminal proceeding, when the record fails affirmatively to show that this was the case.

2.    ———: NON-DIRECTION OF JURY IN PROSECUTION FOR MISDEMEANORS
Under section 4208 of the Revised Statutes, 1889, the mere non-
direction of the jury does not constitute error in a prosecution for a
misdemeanor.

*Appeal from St. Louis Court of Criminal Correction.*
HON. GEORGE W. ANDERSON, Special Judge.

AFFIRMED.

*Martin & Bass*, for appellant.

The record shows that there was an adjournment
of the case during its progress. It was the court's
statutory duty to admonish the jury at the adjournment.
It should affirmatively appear of record that this was
done. R. S. 1889, sec. 4209. "In all prosecutions for
* * * for verbal slander * * * the jury, under
the direction of the court, shall determine the law and
the fact." Const. Mo., art. 2, sec. 14; R. S. 1889, sec.
3872. The court failed to give this plain, constitutional
and statutory direction to the jury.

*Bernard Dierkes*, Prosecuting Attorney, and *P. W.
Fauntleroy*, for respondent.

ROMBAUER, P. J.—Upon an information charging
the defendant with criminal slander he was tried and
convicted. He assigns the following errors upon this
appeal: *First.* That the court failed to admonish the
jury at the hour of adjournment. *Second.* That there
is no substantial evidence in support of the verdict.
*Third.* That the court misdirected the jury as to the
law. The second assignment of error has been aban-
doned by the defendant as untenable.

Touching the first assignment of error it will suffice
to say that it does not affirmatively appear by the record
that the jury were not admonished, nor does it appear
that the defendant excepted to any action of the court
in the premises. The assignment is, therefore, not
tenable. *Ex parte Durbin*, 102 Mo. 100; *State v. Burk*,

89 Mo. 635. We need express no opinion on the question whether such an omission, even if affirmatively shown by the record, and properly excepted to, would furnish ground for reversal in the absence of evidence that the jury have been tampered with.

For the purposes of this argument it is conceded by the state that the legislature could, under the constitutional provision, that "the right of trial by jury as heretofore enjoyed shall remain inviolate," validly enact section 3872 of the Revised Statutes of 1889, which provides: "In all [criminal] prosecutions for libel or verbal slander * * * the jury under the direction of the court shall determine the law and the fact."

It is also conceded by the state, for the purposes of this argument, that the very sensible construction placed by the supreme court on this section in *State v. Hosmer*, 85 Mo. 553, has been questioned in the later case of *State v. Armstrong*, 16 S. W. Rep. 604, and that there is room for the argument that the defendant in a case of criminal slander has a right, *if he so demands*, to have the jury charged that they are the judges of the law and facts in the case. But the state does not concede that mere non-direction of the jury on this question can furnish ground for vacating the verdict in any case.

The defendant's third assignment of error rests on the provisions of the above section, and on the further provision contained in section 4208 of the same statutes, which declares that "the court must instruct the jury in writing upon all questions of law arising in the case, which are necessary for their information in giving their verdict, and a failure to so instruct *in cases of felony* shall be good cause, when the defendant is found guilty, for setting aside the verdict of the jury and granting a new trial." The italics are our own.

The record shows that, while the court did fully instruct the jury in this case on the law and the evidence, it did not instruct them that it was their province to determine both the law and fact under the direction of the court.

Since the last amendment of the statute by insertion of the words, "in cases of felony," italicized above, non-direction alone in a case of misdemeanor can furnish no ground for setting aside a verdict. To work that result it must appear that the jury were either misdirected, or that the court refused to give legal instructions asked by the defendant on points not covered by the instructions of the court.

In the case at bar the defendant asked no instruction touching the question of the jury's rights to determine the law and fact under direction of the court; hence, the defendant cannot urge the omission of the court to charge the jury on that point as a ground for setting aside their verdict. This view of the law dispenses with the further inquiry, whether the defendant's motion for new trial is sufficiently broad to cover a complaint for non-direction.

We have carefully examined the instructions given and find nothing in any of them of which the defendant can justly complain. All the judges concurring, the judgment is affirmed.