# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF ILLINOIS.

ADAM BOBEL

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed April 21, 1898.*

1. STATUTES—*all matters are properly included in act which are germane to its title.* The constitutional provision requiring the subject of an act to be embraced in its title is complied with if all the provisions relate to one subject indicated in the title, and are parts thereof or incident thereto or reasonably connected therewith, or in some reasonable sense auxiliary to the object in view.

2. SAME—*title of act need not be an index to its details.* It is not necessary that the subject of an act shall be exactly expressed in the title, or that such title should be an index to the details of the act.

3. SAME—*in construing act the courts may consider the mischief it was designed to remedy.* In order to ascertain the true spirit and intent of an act the courts may consider the mischief such act was designed to remedy.

4. INDICTMENT—*when allegation of time and place is sufficient.* An indictment alleging that the defendant, on a certain day, in the particular county and State, unlawfully and willfully did, in a certain room, keep a certain slot machine, etc., is sufficient in its allegation of time and place without the use of the words "then and there," preceding the word "keep."

5. SAME—*indictment charging offense in statutory language is sufficient.*
An indictment charging that the defendant did "keep a certain
slot machine, the same then and there being a device upon the re-
sult of the action of which money or other valuable thing is staked,"
is sufficient, being in the language of the statute.

6. CONSTITUTIONAL LAW—"*Slot Machine*" *act of 1895 is constitu-
tional.* The act of 1895, to prohibit the use of clock, tape, slot or
other machines or devices for gambling purposes, (Laws of 1895,
p. 156,) is not unconstitutional on the ground that the subject of the
act is not expressed in its title.

7. CRIMINAL LAW—*mere keeping of slot machine is a violation of the
statute.* The keeping of a slot or other machine specified in the act
of 1895 as a gambling device is a criminal offense, whether the ma-
chine is actually used or kept for gambling purposes or not.

8. SAME—*purpose of act of 1895 is to altogether suppress the specified
gambling devices.* The purpose of the act of 1895 is not only to pro-
hibit the use of slot or other machines specified in the act as gam-
bling devices, but to altogether suppress such devices, even by their
destruction, as shown by section 2.

9. EVIDENCE—*evidence that machine was used for gambling is admis-
sible.* Where a party is indicted for "keeping" a gambling device,
evidence is admissible that the machine was actually used by the
defendant for gambling purposes, if merely to show that the ma-
chine was a gambling device.

WRIT OF ERROR to the Criminal Court of Cook county;
the Hon. O. H. HORTON, Judge, presiding.

JOHNSON & MCDANNOLD, for plaintiff in error:

The act of 1895, relating to slot machines, is unconsti-
tutional because the subject is not sufficiently expressed
in the title of the act. Const. 1870, art. 4, sec. 13.

Only the portions of a bill expressed in the title are
constitutionally adopted. *Binz* v. *Weber*, 81 Ill. 288.

The unlawful destruction of the property of a citizen
without due process of law is in contravention of the
provisions of the constitution. U. S. Const. 14th Am.
sec. 1; Const. 1870, art. 2, sec. 2.

The allegations of time and place, "then and there,"
should be repeated to every material fact which is tri-
able, and must be plainly alleged. 1 Chitty on Crim. Law,
198, 218.

Allegations of fact in pleadings should be direct and positive, and not inferential. *Pritchard* v. *People*, 149 Ill. 54.

Where the statute creates a new offense the averments in the indictment must be clearly and specifically set out, so as to show a violation of the provisions of the statute. *Johnson* v. *People*, 113 Ill. 101; *McNair* v. *People*, 89 id. 441; *Kibs* v. *People*, 81 id. 359.

The different elements of fact establishing a crime must be set forth specifically throughout the case. *Kibs* v. *People*, 81 Ill. 359; *Hunter* v. *People*, 52 Ill. App. 367.

The indictment must be in such form that it will be a bar to another proceeding brought under the same section. *McNair* v. *People*, 89 Ill. 441.

E. C. AKIN, Attorney General, CHARLES S. DENEEN, State's Attorney, and ALBERT C. BARNES, Assistant, for the People:

The constitution only requires the subject of the act to be expressed in general terms in the title. *Johnson* v. *People*, 83 Ill. 431; *Jonesboro* v. *Railroad Co.* 110 U. S. 192; *Donnersberger* v. *Prendergast*, 128 Ill. 233.

It is sufficient if the title reasonably includes, as falling within the general subject and subordinate branches thereof, the several objects which the statute assumes to effect. *Potwin* v. *Johnson*, 109 Ill. 70; *People* v. *Hazelwood*, 116 id. 319; *Ritchie* v. *People*, 155 id. 120.

The act may contain any provision germane to the primary object. *Burke* v. *Monroe County*, 77 Ill. 610; *Virden* v. *Allen*, 107 id. 505; *O'Leary* v. *County of Cook*, 28 id. 534; *Erlinger* v. *Boneau*, 51 id. 94; *People* v. *Nelson*, 133 id. 565.

Prohibiting the "keeping" of a gambling device may be regarded as one of the means of effecting the purpose indicated in the title of the act. *Fuller* v. *People*, 92 Ill. 182; *Magner* v. *People*, 97 id. 320; *People* v. *Loewenthal*, 93 id. 191; *People* v. *Town of Granville*, 104 id. 286.

Every reasonable doubt must be resolved in favor of the action of the legislature. *People* v. *Nelson*, 133 Ill. 565;

*Ritchie* v. *People*, 155 id. 520; *Fletcher* v. *Peck*, 6 Cranch, 87; Cooley's Const. Lim. 218.

When the constitutional and unconstitutional provisions are distinct and separable, the valid provisions may stand as though the invalid provisions had not been introduced. Cooley's Const. Lim. 177, 178; *Donnersberger* v. *Prendergast*, 128 Ill. 234; *People* v. *Nelson*, 133 id. 525; *Knox County* v. *Davis*, 63 id. 405; *Myers* v. *People*, 67 id. 103; *Binz* v. *Weber*, 81 id. 288; *People* v. *Hazelwood*, 106 id. 319; *Kinze* v. *People*, 92 id. 406; *Cornell* v. *People*, 107 id. 372.

Courts, in the construction of language, often hold that words are used in a proper sense when they have a different technical meaning. *People* v. *Loewenthal*, 93 Ill. 191; *Comstock* v. *Gage*, 91 id. 328.

A strict construction is not violated by giving the words of a statute a reasonable meaning, according to the sense in which they were intended. *Meadowcroft* v. *People*, 163 Ill. 56.

An indictment charging an offense in, the language of the statute creating the offense is sufficient. Hurd's Stat. chap. 18, sec. 408; *Mohler* v. *People*, 24 Ill. 26; *Morton* v. *People*, 47 id. 468; *Cannady* v. *People*, 17 id. 158; *Meadowcroft* v. *People*, 163 id. 56; *Miller* v. *People*, 2 Scam. 233.

An indictment for a statutory offense must be framed upon the statute. *Johnson* v. *People*, 113 Ill. 99.

If the offense is stated so plainly that its nature may be understood that is enough. *West* v. *People*, 137 Ill. 189; *Plummer* v. *People*, 74 id. 361; *Morton* v. *People*, 47 id. 468.

After the time has been once named with certainty, it is afterwards sufficient to refer to it by the words "then and there," which has the same effect as if the day and year were actually repeated. 1 Chitty on Crim. Law, 220; 1 Bishop on Crim. Proc. secs. 408, 411.

The word "being" will, unless necessarily connected with some other matter, relate to the time of the indictment rather than the offense; but when modified by "then and there" it carries the action indicated to the antece-

dent time and place laid in the indictment.   1 Chitty on Crim. Law, 220; 1 Bishop on Crim. Proc. sec. 410; *Palmer* v. *People,* 138 Ill. 356.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiff in error, Adam Bobel, was tried and convicted in the Criminal Court of Cook county on an indictment charging, in the first count, "that Adam Bobel, late of the county of Cook, on the first day of December, in the year of our Lord one thousand eight hundred and ninety-seven, in said county of Cook, in the State of Illinois, aforesaid, unlawfully and willfully did, in a certain room then and there situated upon a certain location, then and there commonly known as No. 4500 State street, in the city of Chicago, in the State of Illinois, keep a certain slot machine, the same then and there being a device upon the result of the action of which money or other valuable thing is staked," etc.   There were two more counts in the same language, except that the second used the words "is hazarded" instead of "is staked," and that the third count used the words "is staked and hazarded."   A motion to quash the indictment, and, after trial, motions for a new trial and in arrest of judgment, were overruled and exceptions taken.   Defendant below then sued out this writ of error, and asks us to reverse the judgment upon errors assigned.   His contention is, that the statute under which the indictment was found is unconstitutional, and that the indictment does not state an offense against the laws of this State, and is bad on its face.

The statute on which the indictment is based is entitled "An act to prohibit the use of clock, tape, slot or other machines or devices for gambling purposes," approved and in force June 21, 1895, (Laws of 1895, p. 156,) and is, except the emergency clause, as follows:

"SECTION 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly:*  That whoever, in any room, saloon, inn, tavern, shed, booth or building or

enclosure, or in any part thereof, operates, keeps, owns, rents or uses any clock, joker, tape or slot machine, or any other device upon which money is staked or hazarded, or into which money is paid or played upon chance, or upon the result of the action of which money or other valuable thing is staked, bet, hazarded, won or lost, shall, upon conviction for the first offense, be fined not less than one hundred (100) dollars, and for a second offense be fined not less than five hundred (500) dollars and be confined in the county jail for not less than six (6) months, and for the third offense shall be fined not less than five hundred (500) dollars and be imprisoned in the penitentiary not less than two (2) years nor more than four (4) years.

"Sec. 2. Every clock, tape machine, slot machine, or other machine or device for the reception of money on chance, or upon the action of which money is staked, hazarded, bet, won or lost, is hereby declared a gambling device, and shall be subject to seizure, confiscation and destruction by any municipal or other local authority within whose jurisdiction the same may be found.

"Sec. 3. Every owner, occupant, lessee, mortgagee or other person in possession of any premises upon which any gambling device may be located, and every person in the use, operation, lease or other possession of the same, shall be fined for the first offense not less than one hundred (100) dollars, and for the second offense shall be fined not less than five hundred (500) dollars and shall be confined in the county jail not less than six (6) months, and for the third offense shall be fined not less than five hundred (500) dollars and shall be imprisoned in the penitentiary not less than two (2) years nor more than four (4) years."

It is insisted that this statute is unconstitutional because the subject of it is "not sufficiently expressed within the title of the act," and that the title of the act limits its scope to the prohibition of the "use" of these devices for gambling purposes, and, therefore, that the mere

"keeping" of such devices, even if prohibited by the stat-
ute, could not be punished, because that subject is not
embraced in the title. This construction of the scope of
the title of the act is altogether too narrow. Without
entering into a protracted discussion as to the proper
meaning of the word "keep," it will be sufficient to bear
in mind a few general principles adopted by this court
in construing the scope of such titles. "All matters are
properly included in the act which are germane to the
title. The constitution is obeyed if all the provisions
relate to the one subject indicated in the title, and are
parts of it or incident to it, or reasonably connected with
it or in some reasonable sense auxiliary to the object in
view. It is not required that the subject of the bill shall
be specifically and exactly expressed in the title, or that
the title should be an index of the details of the act.
Where there is doubt as to whether the subject is clearly
expressed in the title, the doubt should be resolved in
favor of the validity of the act." (*Ritchie* v. *People*, 155 Ill.
98,—on p. 120; *Fuller* v. *People*, 92 id. 182.) In order to
ascertain the true spirit and import of an act, the courts
may also consider the mischiefs such act was designed to
remedy. (*Soby* v. *People*, 134 Ill. 66.) The title of the act
here in controversy is, "An act to prohibit the use of
clock, tape, slot or other machines or devices for gam-
bling purposes," and it is evident from the provisions of
the act that the legislature endeavored to suppress ab-
solutely the use of such devices for gambling purposes,
even authorizing their seizure and destruction. It may
well be said that making the operating, keeping, owning,
renting or using of such devices for gambling purposes
punishable is one of the means convenient for the gen-
eral subject "to prohibit the use" of such devices. (*Fuller*
v. *People, supra.*)

Section 2 of the act is claimed to be unconstitutional
because it provides for the seizure and destruction of any
of the machines and devices mentioned in the act, with-

out making any provision for a hearing to determine whether or not the property was lawfully taken and subject to destruction under the statute. This provision of section 2 is not involved in the determination of this case, and its construction is therefore immaterial here. It may be said, however, that proper proceedings to enforce it could be had under the general provisions in reference to searches and seizures found in division 8 of the Criminal Code. See *Glennon* v. *Britton*, 155 Ill. 232.

Counsel for plaintiff in error contend that the indictment is bad because time and place are not alleged of the "keeping" of the said device,—that is to say, that the word "keep" should be preceded by the words "then and there." There is no merit in this contention. The indictment charges that Adam Bobel, on the first day of December, 1897, in said county of Cook and State of Illinois, unlawfully and willfully did, in a certain room, etc., keep a certain slot machine, etc. The allegations of time and place in the commencement are adverbial clauses modifying the verb "did keep." They immediately precede the auxiliary "did," which is separated from its principal verb "keep" by the intervening description and number of the room in which the slot machine was kept, and the repetition of those allegations by the words "then and there" immediately preceding the word "keep" would clearly be tautological and unnecessary. Time and place are distinctly alleged of the verb "keep," for there is no other word in the indictment which they can modify if they do not modify the word "keep."

It is next contended that the allegation descriptive of the purposes for which the slot machine was used is faulty. The indictment charges that plaintiff in error did "keep a certain slot machine, the same then and there being a device upon the result of the action of which money or other valuable thing *is staked*." It is claimed that this last allegation should be, "upon the result of the action of which money or other valuable thing *was*

*then and there staked."* The allegation of the indictment
is in the language of the statute, and that is sufficient.
(*Fuller* v. *People, supra,* and cases there cited.) The clause
"upon the result of the action of which money or other
valuable thing is staked," is descriptive of the uses of the
machine, and the allegation in the indictment amounts
to this: that the machine kept by plaintiff in error was,
at the time and place of the keeping of the same, as laid,
such a machine as was used for gambling purposes; and
the whole indictment then was substantially a charge of
keeping a machine which, at the time and place as laid,
was one used for gambling purposes,—that is, a charge
of keeping a gambling machine.

Plaintiff in error contends that the mere keeping of
such a gambling machine is not an offense under the
statute; that to constitute the offense the machine must
be actually used, or at least actually kept, for gambling
purposes, and that the indictment does not charge that
it was kept for gambling purposes, but merely charges
that it was a machine of the kind used for gambling
purposes; and the contention is, not only that the indict-
ment should have been quashed, but that the court erred
in admitting testimony not only descriptive of this slot
machine, but that it was in fact, at the time and place
mentioned, used for gambling purposes. We are satis-
fied, as before stated, that the indictment is good, and
are also of the opinion that the testimony was properly
received. If for no other purpose, this evidence was
proper to prove the character and purpose of the ma-
chine,—that is, that it was a device upon which money
is staked or hazarded, or upon the result of the action of
which money is staked, bet, hazarded, won or lost,—in
other words, that it was a gambling device. The second
section of the act declares such machines to be gambling
devices.

While a plausible argument is made that in view of
the phraseology of the statute, and especially of the

title, the purpose of the act is not to prohibit the mere keeping or using of such a device, but only the keeping or owning of the same to be used for gambling purposes, still, it cannot be doubted that the legislature has the power to prohibit the mere keeping in possession of such gambling devices as well as to prohibit their use, as it has done in respect to obscene and indecent pictures, drawings, books, etc.; (Crim. Code, sec. 223; 1 Starr & Cur. Stat. 816; *Fuller* v. *People, supra;*) and in respect to plates, dies, etc., made use of for counterfeiting. (Crim. Code, sec. 113; 1 Starr & Cur. Stat. 786; *Soby* v. *People, supra.*) And we are of the opinion that it was the purpose of the legislature in enacting this statute, not only to suppress the use of these gambling devices or the keeping of them for gambling purposes, but also to prohibit the ownership or the keeping of them, whether for gambling purposes or not,—otherwise, why make it a criminal offense to own or keep them, without qualification as to the purpose of such ownership or keeping, and why provide for their seizure and destruction? Nor can it be said that these provisions are not germane to the subject as expressed in the title, for it must be admitted that the enforcement of these provisions would be an effectual method of prohibiting their use for gambling purposes. They are declared to be gambling devices, and their manufacture might be prohibited and their ownership as property also prohibited. If, as the statute provides, the mere ownership of such devices is a criminal offense, no reason is perceived why the mere keeping of them is not also made an offense. The purpose of the statute seems to be not only to prohibit the mere use, but to suppress such devices altogether by the means provided by the statute, even by destroying them.

We find no substantial error in the instructions complained of, and see no sufficient reason why the judgment should be reversed. It will therefore be affirmed.

*Judgment affirmed.*