### The People of the State of Illinois, Defendant in Error, v. Thomas Leach, Plaintiff in Error.

INSTRUCTIONS—*when modification of, in prosecution for keeping gambling devices not improper.* In a criminal prosecution for keeping gambling devices, it is not error to modify an instruction in form as follows by striking therefrom the words "for the purpose alleged in the information":

"The information in this case charges that the defendants kept certain gambling devices upon which money is staked, paid or played upon chance or upon the result of which action of said devices money or other valuable thing is staked, won or lost. Before the jury can convict the defendants of the crime as charged against them the evidence must show beyond a reasonable doubt that the defendants kept such devices, for the purposes alleged in the information, and unless the evidence has so shown beyond a reasonable doubt you should find them not guilty."

Criminal prosecution for keeping gaming devices. Error to the Circuit Court of Lawrence county; the Hon. JOHN C. MAXWELL, Judge, presiding. Heard in this court at the February term, 1908. Affirmed. Opinion filed September 12, 1908.

S. J. GEE, for plaintiff in error.

THOMAS H. CUNNINGHAM, for defendant in error.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a prosecution on an information filed by the state's attorney of Lawrence county, against plaintiff in error, charging him with keeping certain gambling devices, in a specified building on premises described. Trial by jury. Verdict of guilty. Judgment on the verdict. Fine $100 and costs.

The only questions properly raised in this record are, as to the weight of the evidence, the giving of the 2nd, 7th, 8th and 10th instructions on behalf of defendant in error; and the modification by the court of the 8th and 9th instructions asked by plaintiff in error.

It is conceded that the specified gambling devices were kept in the specified building and that the same were found and seized by the officer under a search warrant, but counsel for plaintiff in error insist that the evidence fails to prove beyond a reasonable doubt that plaintiff in error was in any way a party to the keeping of these devices there. The evidence does not so impress us. To our minds it appears to be sufficient to fully warrant the jury in its finding.

Counsel state that instructions 2, 7 and 8, given on behalf of defendant in error, have been condemned by this court in the case of Ryan v. People, 122 Ill. App. 461. We have examined the instructions complained of here, in the light of the opinion in the case cited and find that the criticisms on the instructions under consideration in that case do not apply to the instructions in the case at bar. The 2nd instruction complained of here, contains the words "from the evidence," which were omitted from the instructions of the same class in the case cited; and as to the 7th and 8th instructions in the case at bar, they are of a different class and do not fall under the rule laid down in the case cited. The second instruction refers in a measure to the impeachment of witnesses who may be found to have "knowingly testified untruthfully;" while the seventh and eighth refer only to the weigh-

ing of the testimony of witnesses where no question of impeachment is involved. As to the tenth instruction challenged by counsel, we think that in substance it states the law correctly, and that the form in which it was given could not have misled the jury.

Instruction number eight as presented by plaintiff in error is as follows:

"The information in this case charges that the defendants kept certain gambling devices upon which money is staked, paid or played upon chance or upon the result of which action of said devices money or other valuable thing is staked, won or lost. Before the jury can convict the defendants of the crime as charged against them the evidence must show beyond a reasonable doubt that the defendants kept such devices, for the purpose alleged in the information, and unless the evidence has so shown beyond a reasonable doubt you should find them not guilty."

But the court refused to give the instruction as asked, and modified it by striking out the words, "for the purpose alleged in the information."

The instruction number nine as asked for by plaintiff in error was as follows:

"The State is required to prove by competent evidence beyond a reasonable doubt the defendants did as charged in the information keep the devices as alleged in the information and for the purposes alleged therein, and unless it has been so proved your verdict should be for the finding the defendants not guilty."

But the court refused to give the said instruction as asked for and modified it by striking out the words, "and for the purposes alleged therein."

Counsel contend that the trial court erred in striking out of these instructions the words, "for the purposes alleged in the information." This position we think is not well taken for two reasons: There are no "purposes" alleged in the information; and it is not necessary to allege or prove that the devices were either used or kept for gambling purposes. Bobel v. The People, 173 Ill. 19 (27). In this case the court

says: "Plaintiff in error contends that the mere keeping of such gambling devices is not an offense under the statute; that to constitute the offense the devices must be actually used, or at least actually kept, for gambling purposes. * * * While a plausible argument is made that in view of the phraseology of the statute, and especially of the title, the purpose of the act is not to prohibit the mere keeping or using of such a device, but only the keeping or owning of the same to be used for gambling purposes, still, it cannot be doubted that the legislature has the power to prohibit the mere keeping in possession of such gambling devices as well as to prohibit their use, as it has done in respect to obscene and indecent pictures, drawings, books, etc. (Crim. Code, sec. 223; 1 Starr & Cur. Stat. 816; Fuller v. People, *supra*); and in respect to plates, dies, etc., made use of for counterfeiting (Crim. Code, sec. 113; 1 Starr & Cur. Stat. 736; Soby v. People, *supra*). And we are of the opinion that it was the purpose of the legislature in enacting this statute, not only to suppress the use of these gambling devices or the keeping of them for gambling purposes, but also to prohibit the ownership or the keeping of them, whether for gambling purposes or not." And as the Supreme Court say in the case above quoted from, so we say in the case at bar.

We find no substantial error in the instructions complained of, and see no sufficient reason why the judgment should be reversed. It will therefore be affirmed.

*Affirmed.*