## STATE OF MISSOURI, Respondent, v. N. E. POUND-STONE, Appellant.

**Springfield Court of Appeals, January 3, 1910.**

1. **CRIMINAL LAW:** Information: Prosecuting Attorney's Knowledge of Offense. It is not proper in the trial on the merits of a misdemeanor case to permit defendant to introduce evidence tending to show that when the prosecuting attorney filed the information based on his own knowledge and belief, that he had no actual knowledge of the commission of the offense. If the court could investigate the matter at all it could do so only upon a plea in abatement.

2. ————: Misdemeanor: Instructions. The statute imposing upon the court the duty of instructing the jury upon all questions of law arising in the case does not apply to misdemeanors.

3. **EVIDENCE:** Dramshop License: Secondary Evidence. Where defendant has been served with notice to produce his dramshop license and does not comply therewith, it is proper to permit the introduction of secondary evidence to show the issuance of such license.

Appeal from Jasper Circuit Court.—*Hon. Howard Gray,* Judge.

AFFIRMED.

COX, J.—Information filed before a justice of peace, charging the defendant with selling liquor on Sunday as a dramshop keeper. Defendant convicted and appealed to the circuit court where he was again convicted and has appealed to this court.

We are not favored with a brief by either appellant or respondent in this case, but have carefully read this long record with a view to ascertain whether or not the defendant was accorded a fair trial, and to find what, if any, error is charged to have been committed against him. We find,

1. Defendant offered on the trial to prove that one George D. Thornton, had filed an affidavit be-

fore the justice of peace charging defendant with this offense. That a warrant was issued on this affidavit and the defendant arrested thereon and required to give bond for his appearance, and that the prosecuting attorney afterward filed an information based on his own knowledge and belief, and that, as a matter of fact, the prosecuting attorney had no actual knowledge of the commission of this offense. This offer was refused and properly so, for if the court could investigate the matter contained in this offer at all it could only do so upon a plea in abatement, but could not do so upon a trial of the merits.

2. Complaint is made as to the manner of proving that defendant was a dramshop keeper. Notice was served upon the defendant to produce his license as a dramshop keeper and when called upon to answer to the said notice he stood mute. The court then permitted the county court records and the petition and application for license signed by defendant to be read in evidence, and the officials to testify as to the delivery of the license, etc. Having notified the defendant to produce his license, and he having failed to do so, secondary evidence was admissible and there was no error committed in that respect.

3. Complaint is made that the court failed to instruct the jury upon all questions of law arising in the case. The statute imposing this duty upon the court does not apply to misdemeanors. [Session Acts 1901, page 140.].

4. Some objections were made during the progress of the trial to the admission of certain testimony all of which we have carefully examined and find no error therein.

The information is sufficient; the instructions were fair to the defendant; the evidence is ample to sustain the verdict, and the judgment is, therefore, affirmed. *Nixon, P. J.,* concurs; *Gray, J.,* not sitting.