STATE OF MISSOURI, Respondent, v. BUSH HOLDEN, Appellant.

Springfield Court of Appeals, April 4, 1910.

1. CRIMINAL LAW: Selling Liquor to Minor: Indictment: Omission of Words "Then and There." The omission of the words "then and there" immediately preceding the word "minors" in an indictment charging the defendant with unlawfully selling liquor to minors, where the time and place has been sufficiently charged, is not a material error. These words indicate time and place and, when used, refer to some former allegation and are only necessary when it is essential to refer to such former allegation.

2. ———: ———: ———: Signature of Prosecuting Attorney. An indictment signed "J. L. Bess, Prosecuting Attorney" is sufficient, without the addition of the name of the county.

3. ———: ———: Adoption of Local Option Law. The adoption of the Local Option Law does not suspend a prosecution for illegal sale of liquors to minors under another statute, when the offense is alleged to have been committed prior to the adoption of the Local Option Law.

4. ————: **Misdemeanors: Instructions.** In a misdemeanor case, defendant is in no position to complain of an error in an instruction when he saved no exception to the giving of the instruction, and failed to request the giving of a proper instruction covering the matter.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

*Van Wormer, Hogan & Delaney* for appellant.

(1) The omission of the words "then and there" in the conclusion of the indictment and in the clause charging the age of the vendee, the minor, is fatal to the validity of the indictment. Nothing material in the indictment will be taken by intendment. State v. Patterson, 159 Mo. 101; State v. Meyers, 99 Mo. 107; State v. Minor, 193 Mo. 597. (2) There is nothing to show that the prosecuting attorney of Howell county signed the said indictment. Unless the prosecuting attorney of the county within which an indictment is returned signs same, said indictment is a nullity. State v. Bruce, 77 Mo. 193; State v. Joiner, 19 Mo. 224. (3) It is a well established principle of law that an offender cannot be punished for the infraction of a penal law if it expires or is repealed before conviction, although the prosecution was begun while the act was in force, unless there is a saving clause. Endlich on Interp. of Statutes, sec. 478; Black on Intox. Liquors, sec. 106; State v. Patrick & Boyd, 65 Mo. App. 653; State v. Beam, 51 Mo. App. 368; Sutherland on Stat. Const. (1 Ed.), ch. 8; State v. Boogher, 71 Mo. 633; Kansas City v. Clark, 68 Mo. 588; State v. Winfield, 65 Mo. App. 662.

*J. L. Bess,* Prosecuting Attorney, for respondent.

The indictment is in the exact language of the statute and is sufficient. State v. Fare, 39 Mo. App. 110; State v. Parker, 39 Mo. App. 120; State v. McDaniel, 40 Mo. App. 356; State v. Heibel, 116 Mo. App. 43; State v. Davis, 106 Mo. 230; State v. Haywood, 83 Mo. 304; State v. Kruger, 174 Mo. 262.   (2)   It is not necessary that the prosecuting attorney add the name of the county after his name on indictment which he signs. State v. Gibson, 114 Mo. App. 652.

COX, J.—Indictment by grand jury for sale of liquor to minors, under section 2179, R. S. 1899, as follows (omitting caption) :

"The grand jurors for the State of Missouri, summoned from the body of Howell county, empanelled, sworn and charged to inquire within and for the body of Howell county, upon their oath, present and charge, that one Bush Holden, late of the county aforesaid, on the 3rd day of February, 1907, at and in the county of Howell and State of Missouri, did then and there, wilfully and unlawfully, directly and indirectly sell, give away and otherwise dispose, furnish and deliver certain intoxicating liquors, to-wit: one gill of whisky, one gill of beer, one gill of wine, one gill of blackberry and one gill of brandy, to one Charles Smith and one Grover Hansom, minors, under the age of twenty-one years, for a sum of money, to-wit: twenty cents, without the written permission so to do of the parent, master or guardian of the said Charles Smith and Grover Ransom, first had and obtained, against the peace and dignity of the State.

"J. L. BESS,
"Prosecuting Attorney.
"MATHIAS KENAGA,
"Foreman of Grand Jury."

(A true bill.)

Defendant filed a motion to quash this indictment, which was overruled, and now insists that the action of the court in overruling this motion was error for the following reasons:

The omission of the words "then and there" immediately preceding the words "minors under the age of twenty-one years" was fatal; the indictment is not properly signed by the prosecuting attorney.

The indictment was signed "J. L. Bess, Prosecuting Attorney," and was sufficient. [State v. Walker, 221 Mo. 1. c. 518, 108 S. W. 615, 120 S. W. 1198.]

The indictment charges that defendant, at the county of Howell and State of Missouri, on the 3rd day of February, 1907, did, then and there, sell certain intoxicating liquors to one Charles Smith and one Grover Ransom, minors, under the age of twenty-one years. This was sufficiently clear to *charge* that the sale was made to minors in Howell county on the date mentioned without the repetition of the words "then and there." These words indicate time and place, and when used, refer to some former allegation, and are only necessary when it is essential to refer to such former allegation. [Bobel v. People (Ill.), 50 N. E. 322.]

The Local Option Law was adopted in Howell county and went into effect March 6, 1907. This alleged offense was committed and the indictment filed prior to that time, but the trial was later, to-wit, April 4, 1907. Defendant now contends that the adoption of the Local Option Law suspended all prosecutions for illegal sales of liquor under other statutes. The Supreme Court has recently held otherwise. [State v. Walker, 221 Mo. 511, 108 S. W. 615, 120 S. W. 1198.]

Appellant contends that the court did not instruct upon the question of reasonable doubt, and assigns this as error. The court gave the following instruction:

"The information is a mere formal charge and no evidence against the defendant, but he is presumed to

be innocent of the offense charged and such presumption attends him until he is proven guilty to your satisfaction beyond a reasonable doubt.''

No exception was taken to this instruction at the time and defendant did not ask an instruction upon the question of reasonable doubt. The instruction should have gone a little further and told the jury that the burden was on the State to prove defendant guilty beyond a reasonable doubt, and to acquit him unless the State had done so, but as this charge was only a misdemeanor and no exceptions were saved to the giving of this instruction, and no instruction was asked by defendant on this question, he cannot now complain. The statute, Session Acts 1901, page 140, only permits advantage to be taken of a failure to properly instruct upon this question in felony cases. [State v. Ramsauer, 124 S. W. 67; State v. Poundstone, 124 S. W. 79.]

In misdemeanor cases, error in this respect can only be taken advantage of when exceptions are saved in the ordinary way.

Finding no reversible error, the judgment will be affirmed. All concur.