Mills Novelty Company, Appellee, v. Patrick J. King, Appellant.

Gen. Nos. 17,359-17360.

1. CONTRACTS—*illegal consideration.* Where slot machines are constructed so that they may be used for money and permit of gambling if the purchaser so chooses to use them, they are gambling devices and are not valid consideration for a promise to pay their purchase price.

2. CONTRACTS—*evidence of knowledge of intended unlawful use.* Where slot machines capable of a lawful and of unlawful use are sold to one known by the seller to be a gambler, he will be charged with knowledge that the buyer does not intend to use them for the lawful purpose of selling gum.

Appeal from the Circuit Court of Cook county; the HON. H. STERLING POMEROY, Judge, presiding. Heard in the Branch Appel-

late Court at the March term, 1911. Reversed with finding of facts. Opinion filed November 29, 1912. Rehearing denied December 12, 1912.

CAMERON & MATSON, for appellant.

ROBERT E. CANTWELL, for appellee.

MR. JUSTICE FITCH delivered the opinion of the court.

These two cases were consolidated and tried together in the circuit court and also in this court. In one, plaintiff sued upon four promissory notes signed by defendant and one Skidmore, and in the other, upon an open account for goods sold and delivered to defendant and one Gazzolo. King only was served in each case. The defense in both cases was that the consideration for the notes and for the account was illegal. Upon a trial before the court without a jury plaintiff recovered a judgment in each case for $200. Defendant appeals.

No propositions of law were submitted to the trial court to be marked "held" or "refused." The only questions of law, therefore, which are before this court are whether the trial court erred in its rulings on the admission or exclusion of evidence, and whether the evidence is sufficient to sustain the judgments. Counsel for appellee also urge that the abstract does not show any exception to the judgments; but while this is true, we find that the record does show that such exceptions were taken.

We deem it unnecessary to discuss the alleged errors in the admission or exclusion of evidence, for the reason that we have reached the conclusion that the court erred in finding the issues for the plaintiff upon the evidence contained in this record. It appears that the plaintiff is a corporation engaged in the manufacture of slot machines. Mills, the president of the corporation, testified that he sold certain slot machines to Skidmore and certain machines to Gazzolo; that in each case appellant, King, guaranteed the payment of the

purchase price; that the notes in question were given by King and Skidmore for part of the purchase price of the machines sold to Skidmore, and that the open account upon which suit was brought was for the price of the machines sold to Gazzolo. On cross-examination Mills testified that all of the machines thus sold were practically alike in their operation; that they all had "slots for dropping coins in;" that they "can be used for different purposes, the same machine," depending on whether money or something else, such as gum, is "deposited in the cylinders;" that they are "sometimes used for the reception of money, where you pull back a rod or weight and it passes you a certain amount of money or nothing;" that they can also be used thus: "If you want to play black you drop your nickel in the slot above and push down the lever, turn the handle, and when the dial stops in black, ten cents will come out of the little pockets at the side;" and that they could also be used for vending machines. The defendant testified that he was a gambler and that the machines were gambling machines, having no attachments except "money attachments;" that they were operated thus: "There were five pockets; you could put a nickel in any one you wanted to and play for a dime, a quarter, fifty cents or a dollar."

In Frost v. People, 193 Ill. 635, it is said, (p. 640): "The legislature have determined that gambling implements and apparatus are pernicious and dangerous to the public welfare, and the keeping of them is an offense prohibited by law. They are, therefore, not lawful subjects of property which the law protects, but have ceased to be regarded or treated as property, and are liable to seizure, forfeiture and destruction without violating any constitutional provision."

In Bobel v. People, 173 Ill. 19, the court had under consideration the constitutionality and effect of the Act of June 21, 1895, entitled "An act to prohibit the use of clock, tape, slot or other machines or devices

for gambling purposes," (Hurd's Rev. Stats. Ill., Chap. 38, secs. 137f, 137g and 137h) and the court there said, page 28: "We are of the opinion that it was the purpose of the legislature in enacting this statute, not only to suppress the use of these gambling devices or the keeping of them for gambling purposes, but also to prohibit the ownership or the keeping of them, whether for gambling purposes or not,—otherwise, why make it a criminal offense to own or keep them, without qualification as to the purpose of such ownership or keeping, and why provide for their seizure and destruction?"

Following the same reasoning, apparently, but without mentioning either of these decisions, the Appellate Court of this district, in Price v. Burns, 101 Ill. App. 418, held that under the statute above mentioned, as well as under a similar city ordinance of Chicago (which ordinance was also introduced in evidence in these cases), the sale of a slot machine music box, with a gambling attachment, was unlawful and that no recovery could be had upon a contract for the purchase price thereof.

In the absence of any propositions of law marked by the court below, we must assume that the court found the law to be as above stated. Hence, to justify a finding for the plaintiff, the court must have found that the preponderance of the evidence was against the defendant's claim that the machines were, in fact, gambling devices. In this we think the court erred. Such a finding is manifestly contrary to the evidence. The evidence of the witness Mills, above recited, shows that he admitted that the construction of the machines permitted gambling if the purchaser chose to use them for that purpose. The fact that they could also be used for selling gum, and that Mills testified that he did not know for which of such uses they were in fact purchased, does not, we think, even tend to prove that the machines sold were not gambling devices. If the seller's knowledge of the purchaser's intention to use

the machines for gambling purposes was material, we think the plaintiff is chargeable, under the evidence, with such knowledge, for it appears that Mills knew King very well, and it can hardly be contended that when he sold such machines to King, a gambler, he could reasonably expect that the purchaser intended to use them for selling gum.

For the reasons indicated, the judgments of the Circuit Court will be reversed with a finding of facts in each case.

*Reversed with finding of facts.*

Finding of facts to be incorporated in each judgment: The court finds from the evidence that there was no valid consideration for the defendant's promise to pay, and therefore finds the issues in favor of the defendant.