People of State of Illinois, Appellant, v. Three Roulette Wheels, Two Dice Tables et al., Appellee.

Gen. No. 43,278.

Heard in the first division of this court for the first district at the December term, 1944. Opinion filed March 26, 1945. Rehearing denied April 11, 1945. Released for publication April 11, 1945.

THOMAS J. COURTNEY, State's Attorney, for appellant; EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE and JOSEPH A. POPE, Assistant State's Attorneys, of counsel.

GEORGE M. CRANE, of Chicago, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

April 17, 1944, the state's attorney of Cook county filed a petition in the name of the People to secure an order for the destruction of certain equipment taken in a raid at 5937 West Roosevelt Road, Cicero, Illinois. The property is described as three roulette wheels and tables, two dice tables, two poker tables, one box poker chips. The petition of the state's attorney says these articles are "gambling equipment *per se,* upon the action of which money is staked, hazarded, bet, won or lost, and said gambling equipment was seized by the said officers of the Cook County Highway Police and is now in the custody of the Sheriff of Cook County, Illinois." The petition prays for an order authorizing petitioner to destroy these articles, adding, "Your Petitioner will ever pray."

No answer was filed to the petition. A bill of exceptions was by stipulation filed in the cause September 28, 1944, by Mr. Crane, who signs as "Atty. for Owner," and is approved by the chief justice of the criminal court.

The cause came on for hearing on June 23, 1944. Evidence in support of the petition was presented by stipulation between the state's attorney of Cook county and the owner of the articles through his attorney. This stipulation is:

"That on October 7, 1943, police officers from the Cook County Highway police who are deputy sheriffs, entered the premises at 5937 West Roosevelt Road, in the Town of Cicero in Cook County, Illinois by breaking down a door; that this occurred at about 5:30 P. M.; that police officers attached to the State's Attorney's office of Cook County, Illinois arrived shortly thereafter; that at the time the police officers entered the premises there were about 125 people in the place and that no gambling was being carried on at that particular time; that stacked up, against the wall, in these premises were the following articles:

Three Roulette Wheels and Tables
Two Dice Tables
Two Poker Tables
One Box Poker Chips

and at that particular time none of these articles were being used in the gambling, and that said articles were seized by the said officers."

On June 28, 1944, the court entered an order denying the prayer of the petition filed by the People and finding the facts to be as stipulated and directing the property to be turned back to Joseph Corngold, who claimed to be the owner, or his attorney. This appeal is by the state's attorney from that order.

The petition of the state's attorney avers that these instruments are "gambling equipment *per se.*" The owner does not deny this to be true. The fact that they were not being used for the purpose of gambling at the time seized would not be controlling. *Bobel v. People,* 173 Ill. 19; *Frost v. People,* 193 Ill. 635–640. That roulette wheels are gambling devices we need only to compare Webster's Unabridged Dictionary, 2nd Ed., p. 2174, with the statute. In view of the law which makes the possession of a gambling device criminal and makes it the duty of the public officials of a community to destroy it, it is difficult to imagine on what theory a judge of the criminal court would enter an order requiring the sheriff to turn over such a device as a roulette wheel to a party from whom it was taken. See *People v. One Pinball Machine Owned by Henry Fox,* 316 Ill. App. 161, 44 N. E. (2d) 950; *Zaft v. Milton,* 96 N. J. Eq. 576, 126 Atl. 29; *State v. Sanders,* 86 Ark. 353, 111 S. W. 454, 19 L. R. A. 913. The judgment will be reversed and the cause remanded with directions to enter an order as prayed in the petition of the state's attorney.

*Reversed and remanded with directions.*

NIEMEYER, P. J., and O'CONNOR, J., concur.