STATE of Missouri, Plaintiff-Respondent,

v.

Terence D. BURGESS, Defendant-Appellant.

No. 33551.

St. Louis Court of Appeals,
Missouri.

June 12, 1970.

Elliott & Marks, St. Louis, for defendant-appellant.

Thomas W. Shannon, Pros. Atty., Gerald L. Birnbaum, James I. Bucher, Asst. Pros. Attys., St. Louis, for plaintiff-respondent.

CLEMENS, Commissioner.

In the St. Louis Court of Criminal Corrections, a court without jurisdiction to try felonies (§§ 479.100 and 479.220) [1], the defendant was convicted of violating § 560.175, V.A.M.S., entitled "Tampering with Motor Vehicles." In accord with a

1. All section numbers refer to RSMo 1959, V.A.M.S.

jury verdict the court imposed a three-month sentence. The defendant appeals, contending primarily he was improperly charged with both a felony and a misdemeanor.

So far as pertinent here § 560.175 reads: "1. No person shall drive, operate, use or tamper with a motor vehicle or trailer without the permission of the owner thereof. 2. No person shall, without the permission of the owner or person in charge thereof, climb upon or into, or swing upon any motor vehicle * * *." Section 560.-180 sets the penalties for violating § 560.-175: violating subsection 1 is a felony and violating subsection 2 is a misdemeanor.

By information the Prosecuting Attorney, City of St. Louis (who prosecutes misdemeanors but not felonies, §§ 56.470, 56.520), charged the defendant "did unlawfully tamper with a motor vehicle without the consent of the owner, by climbing in and upon the same, to-wit: a 1961 Chevrolet, the property of George E. Daubman * * *."

Defendant correctly says the word "tamper" appears only in felony subsection (1) of § 560.175 and the words "climb upon and into" appear only in misdemeanor subsection (2) of that statute. From this, defendant argues that by using the word "tampering" the information charged him with a felony as well as a misdmeanor, and should therefore have been dismissed. We think not.

▊ Defendant's premise is that any "tampering" with another's motor vehicle is a felony, and that "climbing in and upon" one is not tampering with it. Accepting this, arguendo, it is nonethless clear defendant was not charged with tampering in a felonious sense, certainly not in a court having no trial jurisdiction over felonies. The offense charged was defendant's act of "climbing in and upon" the vehicle, a misdemeanor. The preceding words "tamper with * * * by" was only the pleader's conclusionary description of defendant's act. As such it was mere surplusage. Compare State v. Hart, Mo., 411 S.W.2d 143 [1], and State v. Hoffman, Mo., 297 S.W. 388 [2, 4–5]. The statute of jeofaile, § 545.030, and Criminal Rule 24.11, V.A.M.R., declares no indictment or information shall be deemed invalid for surplusage when, as here, there is sufficient matter alleged to indicate the offense charged. The information was not subject to dismissal, and we now consider claimed trial errors.

The pertinent evidence: Mr. George Daubman was working the night shift at a factory in St. Louis and from his workbench could see his locked car in the company's lighted parking lot. About 9:30 he saw two men standing at his car. He saw one of the men, whom he later identified as the defendant, run a metal bar through the car window. Mr. Daubman ran out to the car and accosted two men in his car, the defendant hunched down under the steering wheel. Both men jumped out and ran down an alley; Mr. Daubman followed, never losing sight of them. The two men got into a white car and started off but just then a police cruiser came by and at Mr. Daubman's signal the police stopped the white car. The police took the defendant and his companion back to the parking lot. A window of Mr. Daubman's car was shattered and a metal bar was found beside the car. At trial the defendant and his companion denied they were the two men seen by Mr. Daubman in his car; they testified they had been driving through the vicinity for several blocks when the police stopped them.

▊ Defendant contends the trial court erred in admitting in evidence the metal bar which the State's evidence showed he used to gain entry into the Daubman car. This was error, says the defendant, since the bar was related to felonious tampering rather than the misdemeanor of climbing into the automobile. Objects used by a defendant in committing a crime are admissible in evidence to show the means by which the act was committed. State v. Thresher, Mo., 350 S.W.2d 1 [12];

State v. Reeves, Mo., 195 S.W. 1027 [10]. The metal bar was admissible.

Defendant makes two complaints about the State's verdict-directing instruction. It allowed the jury to find the defendant guilty and assess the statutory misdemeanor punishment if they found "that the defendant, TERENCE BURGESS, tampered with the automobile mentioned in evidence owned by GEORGE DAUBMAN by climbing in and upon said automobile, without the consent of said GEORGE DAUBMAN * * *."

■ First, defendant raises the same objection he leveled at the information—that by using the word "tampered" the instruction allowed the jury to find him guilty of both a felony and a misdemeanor. By its verdict the jury found the defendant had committed the unlawful act of climbing in and upon the Daubman automobile, a misdemeanor. If it can be said that the instruction further required the jury to find the defendant "tampered" with the vehicle he was not prejudiced since he was punished for a misdemeanor, not a felony. Accepting defendant's premise, the alleged error of requiring the jury to find the defendant "tampered" with the Daubman car was an unnecessary burden on the State, favorable to the defendant. Numerous decisions hold such an error is harmless and does not warrant reversal. See 9C Mo.Dig., Criminal Law, ☞1165(1), (3) and 1172(1), (7).

■ Second, defendant contends the instruction erroneously failed to require a finding of criminal intent, citing State v. McLarty, Mo., 414 S.W.2d 315, and State v. Tate, Mo., 436 S.W.2d 716. In each of those cases the defendant, charged under felony subsection (1) of § 560.175, admitted the proscribed act but sought to excuse it by evidence that he had consent from a person he believed to be owner. In each case the court held that criminal intent, i. e., guilty knowledge, was an essential element of the felony proscribed by § 560.175(1). Here, unlike *McLarty*

and *Tate,* there was no evidence that defendant's entry into the Daubman automobile was by mistake or for other innocent reason; the defendant denied the act itself. The defendant's claim of error, based on *McLarty* and *Tate,* rests on his assumption that the trial court was obliged to instruct on all questions of law. Not so. Criminal Rule 26.02(6) and § 546.070(4) do so require "in cases of felony." But in the early case of State v. Matheis, 49 Mo.App. 237, 1. c. 240, (1892), this court held: "Since the last amendment of the statute by insertion of the words, 'in cases of felony,' italicized above, non-direction alone in a case of misdemeanor can furnish no ground for setting aside a verdict. To work that result it must appear that the jury were either misdirected, or that the court refused to give legal instructions asked by the defendant on points not covered by the instructions of the court." That ruling has been consistently followed. See cases listed in 9A Mo.Dig., Criminal Law, ☞824(1). Thus, in State v. Pennington, Mo.App., 392 S.W.2d 5 [1–2], a petit larceny case where the defendant testified she owned the article allegedly stolen and contended the court should have instructed on her defense of ownership, we affirmed and followed the decisions that mere non-direction in a misdemeanor instruction is not error. Referring back to the challenged instruction we see that omitting the element of criminal intent was a matter of non-direction, and since the defendant failed to request an instruction on that subject the omission was not error.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by CLEMENS, C., is adopted as the opinion of this court. Accordingly, the judgment is affirmed.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.