STATE of Missouri, Respondent,

v.

Floyd Ray GOODMAN, Appellant.

No. KCD 26059.

Missouri Court of Appeals, Kansas City District.

Dec. 4, 1972.

Motion for Rehearing and/or Transfer Denied Jan. 22, 1973.

Robert G. Duncan, Duncan & Russell, Kansas City, for appellant.

John P. Barelli, Law Intern, Sam Modica, Asst. Prosecutor, Kansas City, for respondent.

Before SHANGLER, C. J., PRITCH-ARD and WASSERSTROM, JJ., and Special Judge FRED E. SCHOENLAUB.

WASSERSTROM, Judge.

From a conviction in the magistrate court of common assault under V.A.M.S., § 559.-220, a misdemeanor, the defendant appealed to the circuit court. There, on trial de novo, the jury found him guilty. Defendant now appeals to this Court. We affirm.

The only points claimed by defendant to constitute error are the failure of the trial court to instruct the jury on the defendant's right to resist an unlawful arrest and his right of self-defense. Present counsel, who did not represent defendant at the trial, concede that no such instruc-tions were requested from the trial court. However, defendant now claims that such instructions should have been given by the trial court on its own initiative under the mandate of Rule 26.02(6), V.A.M.R., which requires that "In all criminal cases the court, whether or not it shall have been requested so to do by either party, must instruct the jury in writing upon all questions of law necessary for their guidance in returning their verdict * * *". Countering that argument, the State contends that such a duty is imposed upon the trial court only with respect to felonies and does not extend to misdemeanors. In this connection, the State points to the last sentence of Rule 26.02(6) which states: "In all felony cases failure so to instruct shall be good cause for setting aside a verdict of guilty by the jury and granting a new trial."

■ The State's position is correct. The provision in Rule 26.02(6) stating that a failure of the court to instruct on all issues, whether or not so requested, shall be good cause for granting a new trial "in all felony cases" compels the inference that such failure does not constitute comparable cause in a nonfelony case. The courts of this State have so ruled in a long line of unbroken cases under the substantially similar provision of V.A.M.S., § 546.070(4), as well as under the present Rule 26.02. The most recent case on this subject is State v. Burgess, Mo.App., 456 S.W.2d 641, 1. c. 643, where it is held:

"The defendant's claim of error, based on *McLarty* [State v. McLarty, Mo., 414 S.W.2d 315] and *Tate* [State v. Tate, Mo., 436 S.W.2d 716], rests on his assumption that the trial court was obliged to instruct on all questions of law. Not so. Criminal Rule 26.02(6) and § 546.070 (4) do so require 'in cases of felony.' But in the early case of State v. Matheis, 49 Mo.App. 237, 1. c. 240, (1892), this court held: 'Since the last amendment of the statute by insertion of the words, "in cases of felony," italicized above,

non-direction alone in a case of misdemeanor can furnish no ground for setting aside a verdict. To work that result it must appear that the jury were either misdirected, or that the court refused to give legal instructions asked by the defendant on points not covered by the instructions of the court.' That ruling has been consistently followed. See cases listed in 9A Mo.Dig., Criminal Law ⚖824(1)."

See also to the same effect: State v. Pennington, Mo.App., 392 S.W.2d 5; State v. Katz Drug Co., Mo.App., 362 S.W.2d 80; State v. Griffin, Mo.App., 289 S.W.2d 455; State v. Egan, Mo.App., 272 S.W.2d 719; State v. Levan, Mo.App., 136 S.W. 2d 1010; State v. Brown, Mo.App., 293 S. W. 87; State v. Monsees, Mo.App., 281 S.W. 62; State v. Hull, Mo.App., 279 S.W. 221; State v. Kiely, Mo.App., 255 S.W. 343; State v. Magruder, Mo.App., 219 S.W. 701; State v. Holden, 142 Mo.App. 502, 127 S.W. 399; and State v. Poundstone, 140 Mo.App. 399, 124 S.W. 79.

■ Under the foregoing authorities, the trial court was not under the burden of searching the record in this misdemeanor case to ferret out possible subjects for instruction which had not been requested by the defendant himself.

■ Additionally, the failure to instruct on these matters cannot be considered because not properly preserved for appellate review. The absence of such instructions, either separately or as part of the verdict-directing instruction actually given, was not so much as mentioned in defendant's motion for judgment of acquittal or in the alternative for a new trial. Even in felony cases, Rule 26.02(6) does not dispense with the requirements that such matters be called to the attention of the trial court by motion for a new trial. The Missouri Supreme Court has consistently ruled that failure by the defendant to do so bars appellate review. Thus State v. Gooch, Mo., 420 S.W. 2d 283, 1. c. 287, holds:

"Appellant's second point is that the court failed to instruct the jury in writing upon all questions of law necessary for their guidance, as required by Criminal Rule 26.02(6) V.A.M.R., by failing to instruct on the two defenses of lack of intent to escape and double jeopardy. The alleged error was not presented to the trial court in the motion for new trial, and therefore has not been preserved for appellate review.

\*　　\*　　\*　　\*　　\*　　\*

"Not having raised the point in his motion for new trial, appellant may not raise it in this court for the first time. State v. Caffey, Mo.Sup., 404 S.W.2d 171; State v. Butler, Mo.Sup., 310 S.W. 2d 952; State v. Hopkins, 278 Mo. 388, 213 S.W. 126; State v. Perrigin, 258 Mo. 233, 167 S.W. 573; State v. Douglas, 258 Mo. 281, 167 S.W. 552."

Similarly: State v. Patterson, Mo., 443 S.W.2d 104, 106; State v. Smith, Mo., 365 S.W.2d 505, 507; State v. Knight, 312 Mo. 411, 278 S.W. 1036, 1. c. 1038–1039; State v. Harris, Mo., 245 Mo. 445, 150 S.W. 1040, 1041.

In oral argument, defendant asked that, notwithstanding his failure to properly raise this matter in the trial court, the question nevertheless be considered as "plain error". On review of the whole record, no manifest injustice or miscarriage of justice appears such as would require relief under Rule 27.20(c).

Affirmed.

All concur.