**STATE of Missouri, Respondent,**

v.

**Burk Thomas OSBORNE, Appellant.**

**No. KCD 29627.**

Missouri Court of Appeals,
Kansas City District.

Oct. 2, 1978.

**230**

James W. Gallaher, Barry, Neff & Gallaher, Jefferson City, for appellant.

Vernon R. Dawdy, Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

SOMERVILLE, Presiding Judge.

Defendant was charged by information in the Circuit Court of Cole County with unlawfully climbing into a motor vehicle without the permission of its owner, a misdemeanor (Secs. 560.175.2 and 560.180.2, RSMo 1969). He was tried and found guilty by a jury who fixed his punishment at ninety days confinement in the Cole County Jail.

The sufficiency of the evidence to sustain defendant's conviction of the misdemeanor with which he was charged and for which he stood trial has not been questioned. Such being the case, a recitation of facts would serve no purpose. This court, after having carefully reviewed the facts, finds that substantial evidence was introduced from which the jury could have found beyond a reasonable doubt that defendant was guilty of the charged offense.

The only point of error raised on appeal questions Instruction No. 6, the state's verdict directing instruction, which was an adaptation of MAI–CR 7.80. Defendant takes the position that Instruction No. 6 submitted and he was found guilty of "tampering with a motor vehicle", a felony, although he was charged with climbing into a motor vehicle without the permission of its owner, a misdemeanor, and therefore the giving of Instruction No. 6 was reversible error.

In order to put the single issue raised by defendant in proper perspective it is necessary to set forth both the applicable statutory provisions and Instruction No. 6. Sec. 560.175, RSMo 1969, captioned "Tampering with motor vehicles", reads as follows:

"1. No person shall drive, operate, use or tamper with a motor vehicle or trailer without the permission of the owner thereof.

2. *No person shall, without the permission of the owner* or person in charge thereof, *climb* upon or *into*, or swing upon *any motor vehicle* or trailer, whether the same is in motion or at rest, or sound the horn or other sound-producing device thereon, or attempt to manipulate any of the levers, starting device, brakes, or machinery thereof, cr set the machinery in motion, or hold to such vehicle while riding a bicycle or other vehicle.

3. The provisions of this section shall apply to any person employed by the owner of such motor vehicle as a chauffeur or registered operator if the said motor vehicle is driven or operated, used or tampered with without the owner's knowledge or expressed consent, or in violation of his instructions.

4. No person shall knowingly ride in a motor vehicle which has been stolen or is being operated without the consent of the owner thereof." (Emphasis added.)

Sec. 560.180, RSMo 1969, captioned "Penalties for violation of section 560.175", reads as follows:

"1. Any person who violates subsection 1 of section 560.175 shall be deemed guilty of a felony and on conviction thereof shall be punished by imprisonment in the penitentiary for a term not exceeding five years or by confinement in the county jail for a term not exceeding one year, or by a fine not exceeding one hundred dollars or by both such fine and imprisonment.

2. *Any person who violates subsection 2 or 4 of section 560.175 shall be deemed guilty of a misdemeanor.*" (Emphasis added.)

Instruction No. 6, the state's verdict directing instruction, reads as follows:

### "INSTRUCTION NO. 6

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about the 20th day of October, 1976, in the City of Jefferson, County of Cole, State of Missouri, the defendant climbed into a certain motor vehicle; to-wit: a 1975 Chevrolet Van, owned by Bill B. Dunn, and

Second, that he climbed into the motor vehicle without the permission of the owner, and

"Third, that he did not climb into such vehicle in good faith in the honest belief that he had the permission of the owner,

then you will find the defendant guilty of tampering with a motor vehicle without the permission of its owner.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing, then you must find the defendant not guilty of that offense.

If you do find the defendant guilty of tampering with a motor vehicle without the permission of its owner, you will fix his punishment:

1. By confinement in the county jail for a term fixed by you, but not to exceed one year, or

2. By a fine fixed by you, but not to exceed $1000, or

3. By both such fine and confinement in the county jail."

Defendant vigorously argues that inclusion of the twice used language "guilty of tampering with a motor vehicle" in Instruction No. 6 converted it from submission of a misdemeanor to submission of a felony. The following realities augur in favor of the inexorable conclusion that the giving of Instruction No. 6 was not reversible error. *One*, defendant, beyond question, was charged with climbing into a motor vehicle without the permission of its owner, conduct clearly prescribed as constituting a misdemeanor rather than a felony by paragraph 2 of Sec. 560.180, supra. *Two*, the delineated facts set forth in Instruction No. 6, which the jury was required to "find and believe" in order to return a verdict of guilty, conformed to both the information and the evidence and submitted a misdemeanor rather than a felony. *Three*, the permissible range of punishment set forth in Instruction No. 6, omitting as it did any reference to imprisonment in the state department of corrections, denoted submission

of a misdemeanor rather than a felony.[1] *Four*, the guilty verdict returned by the jury fixed defendant's punishment at ninety days in the county jail. *Five*, when defendant appeared for the rendition and pronouncement of judgment and sentence, the trial judge specifically adjudged him guilty of a "misdemeanor" and sentenced him to confinement in the "Cole County Jail for a term of 90 days".

A virtually identical attack was leveled against the state's verdict directing instruction by the accused in *State v. Burgess*, 456 S.W.2d 641 (Mo.App.1970). By way of a brief preface, the information in *Burgess* was cast in somewhat different language in that it charged, inter alia, that the accused "did unlawfully tamper with a motor vehicle without the consent of the owner, by climbing in and upon the same . . .". In rejecting accused's contention that the St. Louis Court of Criminal Corrections lacked jurisdiction to try his case because the above quoted language contained in the information charged him with a felony, the appellate court held that the words "tamper with" were merely a "conclusionary description" of the accused's act which constituted a misdemeanor, and therefore "mere surplusage". In rejecting accused's contention that the following language contained in the state's verdict directing instruction, "that the defendant . . . tampered with the automobile mentioned in evidence . . . by climbing in and upon said automobile . . .", permitted the jury to find him guilty of a felony, the appellate court held that any error attributed thereto was harmless because it placed "an unnecessary burden on the State, favorable to the defendant". The same can be said of the instruction in the instant case.

When adapting MAI–CR 7.80 for submission of the type of misdemeanor in question, it would appear preferable to employ the words "guilty of climbing into a motor vehicle" in place of "guilty of tampering with a motor vehicle" where twice used in Instruction No. 6. However, failure to have made the suggested interchange in the verdict directing instruction in the instant case was, at most, harmless error.

Judgment affirmed.

All concur.

---

1. The term "felony" is *statutorily defined in* Sec. 556.020, RSMo 1969, as follows: "The term 'felony', when used in this or any other statute, shall be construed to mean any offense for which the offender, on conviction, is liable by law to be punished with death or imprisonment in a correctional institution of the state department of corrections, and no other."